CHANDLER (MANKIN v.).    See Case No. 9,030.

CHANDLER (PRITCHARD v.).    See Case No. 11,436.

## Case No. 2,594.

### CHANDLER v. SIDDLE.

[3 Dill. 477;[1] 10 N. B. R. 236; 1 Cent. Law J. 341.]

Circuit Court, D. Iowa.    May Term, 1874.

BANKRUPT ACT—INSOLVENT CORPORATIONS — RECEIVER'S POWER TO SUE — LIABILITY OF STOCKHOLDER.

1. The bankrupt act does not furnish the sole remedy for winding up insolvent corporations or companies.

2. Power of a receiver to sue in the courts of another state considered.

[Cited in Holmes v. Sherwood, 16 Fed. 727; Olney v. Tanner, 10 Fed. 104.]

3. A call or assessment, or some equivalent action, held essential to the liability of the defendant on his contract to purchase shares of stock in an incorporated company.

[Cited in Glenn v. Soule, 22 Fed. 418.]

Action at law. The plaintiff alleges that he is the receiver of the Lamar Insurance

---

[1] [Reported by Hon. John Dillon, Circuit Judge, and here reprinted by permission.]

Company, of Illinois, appointed by a court of chancery, in Chicago, in a suit in which two persons who are named were plaintiffs, and the said insurance company was defendant—the exact nature of which does not appear. It is alleged that the said company had, before said suit in Illinois was brought, become insolvent and ceased to do business. The petition herein also alleges that on August 15, 1873, the said court of chancery in said cause made an order as follows: "And the said receiver is hereby authorized and empowered to compromise with any one or more of the stockholders of the said corporation defendant, and to take and receive from him or them such sum of money or such percentage on the amount due from such stockholders as in the judgment of said receiver will be just and equitable, and a fair proportion for such stockholder to pay toward discharging the debts of the corporation. And upon such payment and settlement said receiver is hereby directed to give up and surrender to the party or parties so paying, the stock, bond, or obligation of said parties, and to release and discharge the same. And it is further ordered, adjudged and decreed that in case said receiver shall bring any suit to enforce the payment of any stock or other obligation due to said corporation, he shall bring said suit for and enforce such claim for the full amount of the debt or demand due, and the said decree of this court entered on the 18th of January, 1873, and the matters therein contained, so far as the same relate to the assessment of twenty per cent, the call of fifteen per cent, and the collection of such per cent, and call, be and the same is hereby, as to all future and further proceedings, vacated and declared to be of no force or effect, and said decree shall not operate as a bar to such recovery, nor shall said decree, or the matters therein contained, defeat or bar any suit which said receiver may hereafter bring to enforce payment of any debt due to said corporation." The present suit is brought by the receiver to collect eighty per cent, the balance alleged to be due from the defendant on a contract to purchase ten shares of stock in the said insurance company. The contract is in writing, and is in substance that the defendant promises to pay for said stock, $1,000, in this manner: five per cent down, and three installments of five per cent, in three, six and nine months. "The balance being subject to the call of the directors as they may be instructed by majority of the stockholders represented at any regular meeting." It is this balance that the receiver seeks to recover. The charter of the company is not set forth in the pleadings, nor the powers and authority of the receiver, otherwise than appears above.

The defendants demurred to the petition, and, on argument, the points below mentioned were ruled.

Parker & Twomey, for receiver.

James T. Lane, Gatch, Wright & Kennedy, for defendant.

MILLER, Circuit Justice, orally delivered the opinion of the court, holding: 1. That proceedings in bankruptcy are not an exclusive method of winding up insolvent corporations or companies. The bankrupt act does not, ipso facto, suspend state laws for the collection of debts. The act of congress of February 13, 1873 (17 Stat. 436), is a complete answer to the position that the sole remedy against an insolvent insurance company is in the bankruptcy court.

2. It is, perhaps, true, that where duly appointed and authorized, a receiver may, ordinarily, sue in another state. This power, when it exists, arises from comity, in the absence of special statute regulations, and it is, in general, subordinate to the right of local creditors as respects property within the jurisdiction where such a suit is brought. The effect of the bankrupt act on the general doctrine does not arise on the record before me. And in view of the uncertain nature of the proceedings in which the present plaintiff was appointed, I give no definite opinion concerning his powers in respect of suits brought in this district. See Booth v. Clark, 17 How. [58 U. S.] 322.

3. In this action at law, in which neither the corporation nor its stockholders other than the defendant are before the court, and in which the suit is on the contract of subscription for the entire eighty per cent alleged to be due, I am of opinion, considering the terms of that contract, and that no call or assessment is alleged, either by the company before the insolvency or by the court since, that the petition does not state a cause of action. In other words, in this action at law on the contract, there must be a call or assessment, or something standing in the place thereof, and equivalent thereto, either by the company or by a proper court, in order to make the defendant liable. This does not appear either by the averments of the petition or on the exhibits thereto, and hence the demurrer must be sustained, but the plaintiff may amend, and, in doing so, I advise him to set forth the charter of the company and the nature of the chancery proceeding in Illinois. Ordered accordingly.