## HOLMES and others *v.* SHERWOOD and others.

*(Circuit Court, D. Iowa.* October, 1881.)

1. RECEIVER—SUIT IN FOREIGN JURISDICTION.

Whether a receiver can sue in a foreign jurisdiction to recover property, *quære.*

2. CORPORATION—SUIT AGAINST STOCKHOLDERS—DECREE.

A judgment creditor of a corporation, after execution returned unsatisfied, may maintain an action in his own behalf, and in behalf of such other creditors of the corporation as may join as parties, in a court of equity against the

corporation and its delinquent stockholders, and have a decree that an account of the assets and debts of the corporation be taken, and,that the stockholders pay in and account for so much as may be due from them respectively to the corporation, on account of their capital stock, as will be sufficient to pay the debts represented by complainants and such other creditors as may join with them.

3. SAME—REMEDY AT LAW.

A bill in equity may be filed against the stockholders of a corporation to compel a discovery, accounting, and contribution against them all, although an action at law under a statute to enforce contribution against an individual stockholder may be maintained.

4. SAME—AFFIDAVIT OF LOSS, DESTRUCTION, OR SUPPRESSION OF PAPERS—WHEN NECESSARY.

The rule that where resort is had to a court of equity instead of a court of law, upon the ground that the writings upon which the action is founded have been lost, destroyed, or suppressed, an affidavit that such instruments are not in the custody or power of the complainant, and that he knows not where they are, unless in the hands of the defendant, must be annexed to the bill, does not apply to a case where the defendants are severally called upon by the bill to answer whether they executed a bond or instrument in writing or print by which they received and became the owners of shares of stock of a corporation, and whether they received certificates of such shares or not.

5. SAME—ASSESSMENT BEFORE SUIT—CONTRIBUTION—STOCKHOLDERS BEYOND JURISDICTION.

The stockholders sued may be compelled to pay the amounts due from them, so far as necessary to satisfy the judgments sued upon, and a previous assessment is not necessary. When there are other stockholders beyond the jurisdiction in which the suit is brought, the stockholders sued must look to them for contribution.

Suit in equity by certain judgment creditors of an insolvent corporation and the receiver of said corporation, appointed by the superior court of Cook county, Illinois, against the stockholders of said corporation residing in Iowa, to compel payment by them of the unpaid stock due to the corporation from each of them, in so far as necessary to satisfy the debts due by the corporation to the complainants, and such other creditors as may become parties to the suit, with interest and costs. Defendants demurred to the bill

*A. B. Cummins,* for complainants.

*J. M. Parker* and *C. C. Cole,* for defendants.

McCRARY, J. 1. It is insisted that the bill is multifarious in the misjoinder of the receiver appointed by the Illinois court and the creditors of the corporation; and it is argued under this head, in the brief filed, that the receiver is the only party with right to sue. As I remember the oral argument of respondents' counsel, it was suggested that the receiver, having been appointed by a foreign court, had no right to sue in this forum at all; and this latter question must be disposed of before we can determine the question of multi-

fariousness. If the receiver has no right to sue, the case must be dismissed as to him, and then the question will remain whether it can be maintained by the other complainants, to-wit, the creditors of the corporation. Upon the question whether the complainant Chandler, in this official capacity as receiver under the appointment by the superior court of Cook county, Illinois, can be permitted to sue in this jurisdiction to recover the property of the debtor, I must say that I have grave doubt. The case of *Booth* v. *Clark,* 17 How. 322, seems to hold quite distinctly that a receiver has no right to sue in a foreign jurisdiction. It is said in that case that the receiver "has no extra-territorial power of official action; none which the court appointing him can confer, with authority to enable him to go into a foreign jurisdiction to take possession of the debtor's property; none which can give him, upon the principle of comity, a privilege to sue in a foreign court or another jurisdiction, as the judgment creditor himself might have done, where his debtor may be amenable to the tribunal which the creditor may seek." See, also, High, Receivers, §§ 239–244, inclusive, and authorities there cited. I am aware of the intimation of a different opinion by Mr. Justice MILLER in the case of *Chandler* v. *Siddle,* 3 Dill. 477; but as no unqualified op'nion was there expressed upon the question, and as it was not decided, I should be inclined to follow the case of *Booth* v. *Clark,* and the other authorities in the same line, if it were necessary to pass finally upon the question in this case.

2. But I am clearly of the opinion that this suit may be maintained by the complainants, who are creditors of the corporation, without the presence of the receiver. It is well settled by the authorities, and also well supported by considerations of justice and equity, that a judgment creditor of a corporation, after execution returned unsatisfied, may maintain an action in his own behalf, and in behalf of such other creditors of the corporation as may unite to become parties thereto, in a court of equity, against the corporation and its delinquent stockholders, and have a decree that an account of the assets and debts of the corporation be taken, and that the stockholders pay in and account for so much as may be due from them respectively to the corporation on account of their capital stock as will be sufficient to pay the debts represented by the complainants and such other creditors as may join. The liability of the stockholders is, in part at least, the basis of the credit which is extended to the corporation by the public. Any sums due from such stockholders to the corporation on account of subscriptions to the capital stock are regarded

as a trust 'fund pledged for the debts of the corporation; and any one or more of the creditors of the corporation may institute proceedings in equity to compel contribution from the stockholders who may be found within the jurisdiction of the court in which such proceedings are instituted. These general propositions will be found to be fully supported by the following and many other authorities: *Adler* v. *Manuf'g Co.* 13 Wis. 63; *Spear* v. *Grant*, 16 Mass. 9; *Vose* v. *Grant*, 15 Mass. 505; *Wood* v. *Dummer*, 3 Mason, 308; *Ward* v. *Griswoldville Manuf'g Co.* 16 Conn. 593; *Mann* v. *Pentz*, 3 N. Y. 415; *Nathan* v. *Whitlock*, 9 Paige, 152; *Henry* v. *V. & A. R. Co.* 17 Ohio, 187; *Ogilvie* v. *Knox Ins. Co.* 22 How. 380.

3. It is insisted, however, by respondents' counsel that the remedy is at law, and not at equity. This proposition cannot be maintained. It may be correct to say that an action at law to enforce contribution against an individual stockholder may be maintained under the act by which the Lamar Insurance Company was incorporated; and if this is so, it does not deprive this court of equity of its jurisdiction to entertain a bill filed against numerous stockholders for discovery, account, and contribution against them all. "Although a creditor may enforce a contribution at law, yet, as he may not be able to do it without numerous suits, his case is one of equitable jurisdiction." Ang. & A. Corp. § 626. The jurisdiction in equity may be maintained under any one of the following ordinary heads of equitable jurisdiction, to-wit, discovery, account, contribution, and to prevent multiplicity of suits. This disposes of the objection that there is a misjoinder of parties defendant.

4. It is insisted that the interrogatory part of the bill is bad because it calls upon the respondents severally to answer whether they executed a bond or instrument in writing or print by which they received and became the owners of a share or shares of stock of the Lamar Insurance Company, and whether they received certificates of the share or shares of such stock, and does not annex an affidavit of loss, or that the complainants are not in possession of the primary evidence of the facts respecting which they seek a discovery. Counsel cite, in support of this proposition, Story, Eq. Pl. §§ 477, 478, 313. These sections relate to cases where resort is had to a court of equity instead of a court of law, upon the ground that the writings upon which the action is founded have been lost, destroyed, or suppressed. In such cases it is necessary to annex to the bill an affidavit that such instruments are not in the custody or power of the complainant, and that he knows not where they are, unless in the hands of the

defendant. The present bill does not come within this class of cases. I am of the opinion that it is not demurrable for the want of such an affidavit.

5. In such a case as the one now before the court no previous assessment against the defendants as stockholders need be shown. They are liable to the full amount of their unpaid subscriptions to the capital stock of the corporation, if so much is necessary to pay the claims represented by the complainants in this suit. If there are other stockholders not within the jurisdiction, or not made parties defendant herein, these defendants must look to them for contribution; and it is not necessary that all such stockholders be made defendants. *Ogilvie* v. *Ins. Co.* 22 How. 380; *Marsh* v. *Burroughs,* 1 Woods, 463. If an assessment has been made in the state of Illinois, either by the board of directors or by the court, such assessment cannot conclude or affect the stockholders in this state, and who are defendants in this case, because they were not parties to it or in anywise bound by it.

The court is competent to ascertain the amount of the liability of each of the respondents, and to make a decree based thereon. If the complainants see fit to dismiss as to the receiver, the demurrer will be overruled. If they do not see fit to do this, the demurrer will be sustained, so far as that matter is concerned.