## APGAR *v.* CHRISTOPHERS.

*(Circuit Court, D. New Jersey.* March 13, 1882.)

1. EQUITY—ENJOINING PROCEEDINGS AT LAW.

Where there is an equitable title in a defendant to an action of ejectment, the court of equity, at his suit, will restrain the proceedings in such action, and direct the cause to proceed in the court of equity, where all defences can be considered, and where in a single proceeding the whole controversy, in all its aspects, may be settled.

2. SAME—INJUNCTION—RELIEF.

Where a person is in possession of land by a good, equitable right and title, and he is so circumstanced as that the legal estate is either in himself or in another as trustee for him, and an action of ejectment is brought against him by the one claiming as well the equitable as the legal right, and denying the legal as well as the equitable title of the person in possession, a court of equity will grant relief by way of injunction, inasmuch as the plaintiff in ejectment would, recovering in the action, hold merely as trustee for the defendant in such action.

On Bill, etc.

*P. Bentley,* for the motion.

*S. B. Ransom,* for defendant.

NIXON, D. J. The bill of complaint filed in the above case sets forth in substance that in the year 1824 one Mary Vermilya departed this life, seized in fee of certain real estate therein described, situated in the county of Hudson and state of New Jersey; that previous to her death, to-wit, on the second of September, 1824, she duly executed her last will and testament, in which, *inter alia,* she devised the said real estate to her mother, Sarah Vermilya, her brother, Thomas Vermilya, and her niece, Mary Ann Jarvis, in words following:

"And also I give and devise all my real estate, whatsoever and wheresoever, unto by niece, Mary Ann Jarvis, my mother, Sarah Vermilya, my brother, Thomas Vermilya, all of the said city of New York, to the survivor of them, and to the heirs and assigns of such survivor."

It further alleges: That the devisee, Sarah Vermilya, died March 13, 1834, leaving the said Thomas and Mary Ann surviving her. That on the tenth of October following the said Thomas, for the consideration of $100, made a deed of conveyance, without any covenants of warranty, to the said Mary Ann Jarvis, for "all of his estate, right, title, and interest whatsoever under the will of Mary Vermilya, or otherwise," in and to the said real estate,—the said deed containing the following recitals:

"Whereas, Mary Vermilya, late of the city of New York, deceased, was, in her life-time, seized in fee-simple of and in certain lots, pieces, or parcels of ground, hereinafter more particularly described; and whereas, the said Mary Vermilya did, in and by her last will and testament, by her duly made and published to pass real estate, and bearing date the second day of September, A. D. 1824, give and devise all her real estate, whatsoever and wheresoever, unto her niece, Mary Ann Jarvis, her mother, Sarah Vermilya, and her brother, Thomas Vermilya, all of the city of New York, to the survivor of them, and to the heirs and assigns of such survivor; and whereas, Sarah Vermilya, my mother, is now dead, and the said property is now vested in me, the said Thomas Vermilya, and Mary Ann Jarvis, in fee-simple, and I, the said Thomas Vermilya, being desirous of vesting the whole in my niece, Mary Ann Jarvis, now, therefore, this indenture witnesseth," etc.

—That the said Mary Ann Jarvis, in the year 1840, intermarried with one Thomas S. Christophers. That on the sixth of September, 1844, she, together with her husband, being the owners in equity, and believing that she was at law the owner in fee-simple, of the said property, undertook, by their deed, to convey in fee-simple the same to one John Arbuckle, who entered into possession and spent large sums of money in erecting buildings thereon. That the said Mary Ann Christophers departed this life January 29, 1846, leaving the said Thomas Vermilya surviving her, and two children, Thomas V. J. Christophers and James J. V. Christophers. That the complainant now holds the said real estate, under the said John Arbuckle, by virtue of divers mesne conveyances. That the said Thomas Vermilya died in the month of September, 1853, after duly executing his last will and testament, which was admitted to probate before the surrogate of the city and county of New York, in which he devised the whole of his real estate to the two children of his niece, Mary Ann Jarvis, (Christophers,) and to Thomas S. Christophers, the husband of the said Mary Ann, to be held by them equally, in fee-simple. That the said James J. V. Christophers died October 3, 1865, intestate, and without issue, leaving his brother Thomas his only heir at law. That Thomas S. Christophers departed this life, intestate and unmarried, July 3, 1869, leaving his son Thomas his sole heir at law. That the only heirs at law of Mary Vermilya, at the time of her death, were Thomas Vermilya and Mary Ann Jarvis; and that the said Thomas V. J. Christophers has lately brought into this court an action of ejectment against James Brown, tenant of the complainant, in possession of a portion of the said premises, and the complainant has been admitted to defend the said suit as the landlord of James.

The prayer of the bill is that the defendant, Thomas V. J. Christophers, may be enjoined and restrained by decree (1) from prosecuting the said ejectment suit for the recovery of the complainant's said lands; (2) that the said deed, dated October 10, 1854, may be reformed to effectuate the intention of the parties thereto as therein expressed; (3) that the defendant be compelled to release to the complainant whatever apparent legal interest he may have in said lands, which he claims through either the said Thomas Vermilya or the said Mary Ann Jarvis; and (4) that he may have such other relief as the nature of the case may require.

The foregoing statement of the allegations and prayer of the bill reveals that the complainant has in view some relief in equity, which the court of law is not adequate to give. If it were simply a bill to restrain the suit at law, it would be necessary for the complainant not only to set out some ground of equitable relief, but to admit that he had no defence at law. No such admission is made in this case, because the bill contemplates something more than an injunction. It waives the question of estoppel, which is a legal as well as equitable defence, and asks the court of equity to look upon the deed of October 10, 1834, from Thomas Vermilya to Mary Ann Jarvis, as an executory agreement, which is a mere equitable defence, and to decree that the defendant, Thomas V. J. Christophers, shall carry out the manifest intention of the parties, as appears upon the face of the conveyance.

It is, therefore, a question of proceeding, and in all such questions it is the duty of the court to direct the course which will tend to diminish useless litigation. If the ejectment suit should go on and the plaintiff should succeed at law, the alleged equitable ground for relief would still remain, and must be met by the defendant. It seems better for all parties to meet it at once, in a suit where all defences can be considered, and where, in a single proceeding, the whole controversy, in all its aspects, may be settled.

This was the view taken by the learned chancellor of New Jersey, in the recent case of *Hannon* v. *Christophers,* after an able opinion of Vice-Chancellor Van Fleet, (see 7 Stew. 459,) and its propriety was clearly admitted in the opinion of the lord justices of the court of appeal in chancery, in the case of *Crofts* v. *Middleton,* 8 De G., M. & G. 192, in which it was held that where there was an equitable title in a defendant to an action of ejectment, the court of chancery, at his suit, would restrain the proceedings in the action, although there might be a question whether he would not be successful at law.

Discussing the question of the right of equity to interfere in a case where the suggestion was made that there was a defence at law, and speaking for the court, *Bruce,* L. J., says, (page 209:)

"But the question is raised whether there is jurisdiction here against the Middletons. I assume that there is; for, before the suit, they brought the action of ejectment for the purpose and in the circumstances that I have stated, and I conceive that where a person is in possession of land by a good, equitable right, and the title is so circumstanced as that the legal estate is either in himself or in another, as trustee for the person in possession, and an action of ejectment is brought against the man in possession by the other, claiming as well the equitable as the legal right, and denying the legal as well as the equitable title of the person in possession, he is entitled, in a court of equity, to relief against the other by way of injunction, if not by way of conveyance and injunction,—in whichever of the two the legal estate may be vested,—inasmuch as the plaintiff in ejectment would, recovering in the action, hold merely as trustee for the defendant in it."

Let an injunction issue restraining the suit at law until further order. The defendant is allowed 30 days to answer the bill of complaint.