CHASE *v.* CANNON *et al.*

(*Circuit Court, D. Washington, E. D.*   September 22, 1891.)

**1. NATIONAL BANKS—INSOLVENCY—RECOVERY OF ASSETS—JURISDICTION.**
    A national bank pledged negotiable notes to another bank to secure a loan, and then, a small balance remaining unpaid, became insolvent. Certain of its creditors, before the appointment of a receiver, obtained judgments in the state court, issued executions thereon, and attempted to secure liens on the pledged notes by garnishing the pledgee, but the officer failed to obtain possession of the notes, or to collect the money due thereon. The pledgee refused to surrender the notes to the receiver, and endeavored to collect them, whereupon the receiver sued to recover them. *Held,* that his suit was properly brought in equity, as the claims affecting the subject-matter and the questions to be determined thereon are numerous and complicated, and would otherwise give rise to a multiplicity of suits.

**2. SAME—EQUITY—PLEADING—MULTIFARIOUSNESS.**
    All of such judgment creditors are proper parties to the bill, which is, hence, not multifarious in that regard, though each asserts a separate claim based upon a distinct judgment, for each claims a lien on the whole subject-matter; and the controversy is single,—to determine whether plaintiff is entitled to possession of the property, and what interest defendants, or either of them, may have therein.

**3. EXECUTION—LEVY—CUSTODIO LEGIS—COURTS—CONFLICT OF JURISDICTION.**
    In the state of Washington, personal property capable of manual delivery can only be levied on by the officer taking actual possession of it; and such property of a judgment debtor in the hands of a garnishee is not *in custodio legis* by virtue of writs of execution issued by a court of the state. Hence, there can be no conflict of jurisdiction by reason of a suit in equity to determine the rights of all parties asserting claims to such property, commenced in a federal court after the return-day of such writs.

In Equity.   On demurrer to bill.

*P. H. Winston,* for plaintiff.

*H. M. Herman* and *Turner & Graves,* for defendants.

HANFORD, J.   The defendant the Citizens' National Bank is in possession of negotiable promissory notes of the aggregate value of about $30,000, which notes are the property of an insolvent national bank. The complainant is, by an appointment of the comptroller of the currency, receiver of said insolvent bank. The notes mentioned were, before the insolvency of the bank became known, delivered in pledge to secure a loan of $20,000, of which amount there is still unpaid a balance of about $9,000. The notes were intrusted by the pledgee thereof to the Citizens' National Bank for collection. The other defendants are each creditors of the insolvent bank. After its doors were closed, and before the receiver was appointed, they obtained judgments against it in the local courts of this state; issued executions thereon, and attempted to acquire liens upon said notes by serving notices of garnishment upon the Citizens' National Bank. And now, although the officer to whom the writs were issued failed to obtain possession of the notes, or to collect any part of the debts owing to the insolvent bank evidenced by said notes, during the life-time of the writs, and the time limited by the laws of the state for the return of said writs has long since expired, they claim to have liens on said notes by virtue of the service of such garnishee process. The Citizens' National Bank has refused to surrender the notes to the receiver, and is endeavoring to collect the same. All of the defendants

upon whom process has been served in this case have appeared and demurred to the bill of complaint.

The parties having rights and claims respecting the subject-matter of this suit are many, and the questions to be determined in adjusting and settling all their rights and conflicting claims are quite numerous and complicated, affording ground for a multiplicity of suits, unless all rights and claims can be adjusted and determined in a single suit, to which all who are interested may be parties. This is just what the plaintiff, by bringing this suit, has sought to accomplish; and, in my opinion, the case is in all its important features similar to the case of *Bank* v. *Mixter*, 124 U. S. 721, 8 Sup. Ct. Rep. 718. In his opinion in that case, on page 729, 124 U. S., and page 722, 8 Sup. Ct. Rep., Chief Justice WAITE, speaking for the court, says:

"The sureties have in their hands assets of the bank, which the receiver seeks to reduce to his possession. * * * Such a suit is clearly cognizable in equity."

I consider that it is expedient for all the parties interested to have the disputed questions concerning the notes which are the subject of this suit settled speedily. For that reason, and upon the authority of the decision of the supreme court referred to, I hold that the case was properly brought in a court of equity.

Although several judgment creditors assert separate claims, based upon distinct judgments and proceedings, and they are acting independently of each other, still the controversy in the present suit is single. It relates to property which the plaintiff seeks to recover possession of. Each of said defendants claims to have a lien upon all and every part of said property. The object of the suit is to determine whether the plaintiff is entitled to have possession as he claims, and to determine what, if any, interest the defendants, or either of them, have in said property. It is not a suit to impeach the judgments rendered by the state court against the insolvent bank, nor to interfere with the execution of the process issued upon said judgments; therefore the defendants are all proper parties and the bill is not multifarious.

I yield full assent to the argument of counsel for the defendants upon the proposition that this court cannot rightfully interfere with property in custody by virtue of process issued from the state court, or obstruct the due execution of such process; but that principle is not applicable in this case, for the reason that the bill does not allege any facts from which even an inference can be drawn that the notes are or have been *in custodia legis*, or subject to any lien by virtue of legal proceedings. The Code of this state, in the chapter relating to judgment liens, expressly declares that "personal property shall only be held from the time it is actually levied upon." And again, in section 355, it provides that "until a levy personal property shall not be affected by the execution." And by another express provision personal property capable of manual delivery can be levied upon in only one way,—that is, by the officer taking it into his custody. The law requires an execution to be returned within 60 days from its date. As to the writs referred to, the return-

day has passed, and there is now no vitality in them; so that there is no process to be executed which can be interfered with by proceedings in this suit. No relief prayed for in the bill involves a conflict of jurisdiction or the obstruction of any officer in the execution of any process whatsoever. The demurrer will be overruled.