## NEW YORK LIFE INS. CO. v. BEARD et al.

### (Circuit Court, D. Kansas. May 3, 1897.)

CORPORATIONS—DOUBLE LIABILITY OF STOCKHOLDERS—UNPAID SUBSCRIPTIONS—ENFORCEMENT.

Gen. St. Kan. c. 23, § 32, makes corporate stockholders liable for an additional amount equal to their stock, and provides that a judgment creditor of the corporation, on return of execution unsatisfied, may, on motion in the same action, procure an execution against any stockholder for an amount equal to his stock, or may "proceed by action to charge the stockholders with the amount of his judgment." *Held*, that the latter provision contemplates a proceeding either at law or in equity, as the facts may require, and that, while the liability is a severable one against each stockholder, yet to avoid a multiplicity of suits a bill in equity may be maintained by judgment creditors against a number of the stockholders to enforce this double liability, and at the same time their liability for any unpaid stock.

This is a bill in the nature of a creditors' bill, on behalf of the complainant and such other creditors of the defendant corporation as may desire to join the complainant in this suit.

The complainant avers that on the 4th day of February, 1895, it recovered a judgment in this court against the Wyandotte Loan & Trust Company, a corporation organized under the laws of this state, for the sum of $12,249.44 and costs; that said judgment has never been reversed or modified, and that the same still remains unpaid and unsatisfied; that said defendant corporation is wholly and hopelessly insolvent. Complainant further avers that on the 4th day of April, 1895, it caused to be issued out of this court, in due form of law, an execution upon said judgment against said defendant corporation, and that on the 12th day of April, 1895, said execution was duly returned by the proper officer of said court wholly unsatisfied. Complainant then proceeds to charge that each of said defendants was and is a stockholder in said corporation, and that each was liable for a certain amount upon unpaid subscription to its capital stock, and that each of said defendants was also liable and chargeable under the statutes of Kansas for an amount equal to the amount of stock subscribed by him, and praying that an accounting may be had against said defendants; that said defendants may be ordered, adjudged, and decreed to pay to complainant the amounts still due and unpaid on said stock subscriptions, as also the amount of their liability as stockholders, as fixed and determined by the par value of the stock owned by them as hereinbefore set forth; and that judgment be rendered accordingly.

Several of the defendants have filed demurrers as follows: "(1) That it appears by the complainant's own showing that it is not entitled to the relief prayed for by the bill against this defendant, and is not entitled to any relief in equity. (2) That it appears by said bill that the cause of action set out in said bill is not a cause of action existing at common law, but is conferred wholly by the statutes of the state of Kansas, and is cognizable in a court of law only, and not in a court of equity. (3) That the said pretended cause of action set forth in said bill of complaint is not a cause of action which can be maintained jointly and unitedly against all of the defendants thereto, but, if maintainable at all, is a separate cause of action as against each and every one of said defendants. (4) That the said bill of complaint is multifarious in this: that it seeks to collect of said defendants unpaid subscriptions to the capital stock of the said the Wyandotte Loan & Trust Company, and also to recover from said defendants an amount equal to the stock held by each of them in said corporation for their statutory liability under section 32 of chapter 23 of the General Statutes of 1889 of Kansas. (5) That the said bill of complaint is multifarious in that it combines in one section an equitable claim for unpaid subscriptions and a legal claim for the statutory liability of stockholders." It is contended by the defendants in support of their demurrers that the liability of stockholders in a corporation for an additional amount equal

to their stock is a special liability imposed by the statute of Kansas (section 32, c. 23, Gen. St.), and that there is a special remedy prescribed by the statute for enforcing this liability, and that complainant must pursue the remedy therein given.   By reference to said section of the statute, it will be seen that provision is made for a judgment creditor of an insolvent corporation upon the return of an execution unsatisfied against the corporation to obtain upon motion and order of the court an execution against any stockholder for an amount equal to the stock owned by him, together with any amount unpaid thereon.

Austin & Austin, for complainant.

D. S. Alford and Samuel Maher, for demurring defendants.

FOSTER, District Judge (after stating the facts as above).   It is a well-settled principle of law that when a statute gives a new right, and prescribes the remedy for its enforcement, that the remedy is exclusive, and must be strictly followed.   Morley v. Thayer, 3 Fed. 737–741, and cases cited; Pollard v. Bailey, 20 Wall. 527.   Section 32 of chapter 23 of the General Statutes, based on section 2 of article 12 of the constitution, gives a new right to creditors of corporations, and also gives the creditor his choice of procedure to enforce it.   He has a special remedy by motion in the same court where the judgment is obtained, or the right to resort to his general remedy in any court having jurisdiction.   The statute says: "Or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."   It is fair to presume that the right here given to charge the stockholders by action contemplates a proceeding at law or in equity, as the facts of the case might justify.   "The capital stock of an incorporated company is a fund set apart for the payment of its debts.   *   *   *   The creditors have a lien upon it in equity."   Morgan Co. v. Allen, 103 U. S. 508; Hatch v. Dana, 101 U. S. 205; Sawyer v. Hoag, 17 Wall. 610; Upton v. Tribilcock, 91 U. S. 45; Sanger v. Upton, 91 U. S. 56; Webster v. Upton, Id. 65.   The proper mode to reach this fund is by bill in equity.   See cases cited; also, Hawkins v. Glenn, 131 U. S. 319–334, 9 Sup. Ct. 739; Patterson v. Lynde, 106 U. S. 520, 1 Sup. Ct. 432; Pollard v. Bailey, 20 Wall. 520; Leucke v. Tredway, 45 Mo. App. 507; Ogilvie v. Insurance Co., 22 How. 380; Holmes v. Sherwood, 3 McCrary, 405, 16 Fed. 725.   There is a severable liability imposed on each stockholder, and doubtless the creditor could proceed at law against any single stockholder; but it does not follow that this remedy is necessarily exclusive, and I do not understand that the supreme court of Kansas has so held in Abbey v. Dry-Goods Co., 44 Kan. 415, 24 Pac. 426, or in Howell v. Bank, 52 Kan. 133, 34 Pac. 395.   If a party has a plain and adequate remedy at law, equity will not interfere.   Among the reasons, however, which justify a resort to equity, is that it prevents a multiplicity of suits at law.   Insurance Co. v. Bailey, 13 Wall. 621; Preteca v. Land-Grant Co., 1 C. C. A. 607, 50 Fed. 674; 1 Pom. Eq. Jur. § 245; Louisville, N. A. & C. Ry. Co. v. Ohio Val. Imp. & Cont. Co., 57 Fed. 42; Pennefeather v. Steam-Packet Co., 58 Fed. 481; Apgar v. Christophers, 10 Fed. 857; Chase v. Cannon, 47 Fed. 674; Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255; Lynch v. Railway Co., 129 N. Y. 274, 29 N. E. 315; Railway Co. v. Dyer, 1 Sawy. 641, Fed. Cas. No. 2,552; Brooks v. Stolley, 3 McLean, 523, Fed. Cas. No. 1,962; Plummer v.

Insurance Co., Holmes, 270, Fed. Cas. No. 11,232. I can see no good purpose to be served where a stockholder is indebted for subscriptions to stock in a bankrupt corporation, as well as for his double liability under the statute, to put the creditor to a double proceeding to reach the funds and assets to which he is entitled in payment of his judgment. It is a rule in equity that the court being properly in possession of a cause for the purpose of equitable relief will, to prevent a multiplicity of suits, proceed to determine the whole matter. Gormley v. Clark, 134 U. S. 338–349, 10 Sup. Ct. 554; Ferson v. Sanger, Davies, 252–263, Fed. Cas. No. 4,751; Harding v. Fuller, 141 Ill. 308, 30 N. E. 1053; McGean v. Railway Co., 133 N. Y. 16, 30 N. E. 647. The demurrers must be overruled.