# McKinley v. Wainstein, Appellant.

*Negotiable instrument—Checks—Holders in due course—Burden of proof—Evidence.*

A holder of a negotiable instrument in due course may sue thereon in his own name, and payment to him discharges the instrument.

One who holds a negotiable instrument for collection only has sufficient title to maintain a suit in his own name.

The fact that the plaintiff took a check for collection does not preclude him from becoming a holder in due course when he later

pays full consideration for the check before receiving notice that payment has been stopped.

It is not the province of the court to direct a verdict on oral testimony, if there is room for drawing from it different inferences of fact. Such testimony must go to the jury.

Argued April 18, 1923. Appeal, No. 70, April T., 1923, by defendant, from judgment of C. P. Lawrence Co., Sept. T., 1915, No. 106, on verdict for plaintiff in the case of R. C. McKinley v. L. Wainstein. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit by endorsee of check against the maker. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court, and in a report of a former appeal, in 74 Pa. Superior Ct. 482.

Verdict for plaintiff in the sum of $761.78, and judgment thereon. Defendant appealed.

*Errors assigned* were various answers to points and the judgment of the court.

*J. Norman Martin,* of *Martin and Martin,* for appellant.

*W. Walter Braham,* of *Aiken and Braham,* for appellee.

OPINION BY GAWTHROP, J., July 12, 1923:

This was an action of assumpsit by the endorsee of a check against the maker thereof. When the case was here before, at April Term, 1920, on appeal by the defendant from the judgment against him on the verdict directed for plaintiff, a new trial was awarded for the sole reason that the trial judge erred in excluding defendant's offer to prove the entire transaction between himself and the payee, which resulted in the execution

598     McKINLEY v. WAINSTEIN, Appellant.

and delivery of the check; that the check had been procured from him by the payee by false and fraudulent representations, and further, that the plaintiff did not receive the check in due course of business nor for value, but simply for collection: McKinley v. Wainstein, 74 Pa. Superior Ct. 482. The facts there stated reappeared on the second trial and need not be repeated here. The learned trial judge submitted the case to the jury in strict compliance with the law, as stated in the lucid opinion of Judge HEAD on the former appeal.

The statement of the questions involved, which limits the matters to be considered by this court (Garvey v. Thompson, 268 Pa. 353) presents three questions: (1) The right of plaintiff to maintain the action in his own name. (2) The duty of the court where the facts are admitted by the plaintiff. (3) Defendant's right to binding instructions.

(1) "The holder of a negotiable instrument may sue thereon in his own name and payment to him in due course discharges the instrument": Section 51 of the Negotiable Instruments Act. Section 52 of that act distinguishes the holder in due course from a mere holder. Our courts have ruled that one who holds a negotiable instrument only for collection has sufficient title to maintain a suit in his own name: Farmers D. N. Bank v. Penn Bank, 123 Pa. 283; Ward v. Tyler, 52 Pa. 393; Brown v. Clark, 14 Pa. 469; Hanratty v. Dougherty, 71 Pa. Superior Ct. 248.

(2, 3) The able counsel for the appellant insists that the only effect of the plaintiff's testimony is that he took the check for collection and that therefore he was not a holder in due course, and the court should have directed a verdict for the defendant. He relies upon the plaintiff's testimony that he did not deliver Hileman's deed or pay Hileman the excess until he believed the defendant's check had time to clear. This is the basis of the second, · third and fourth assignments of error. While this testimony might support the inference that the plaintiff had

knowledge of an infirmity in Hileman's title to the check, this is not the only inference that could be drawn from it. The inference might be drawn that the plaintiff, an attorney-at-law, was merely exercising the caution of a prudent attorney in withholding the closing of the deal with Hileman until he thought the check had cleared. It is not the province of the court to direct a verdict on oral testimony if there is room for drawing from it different inferences of fact. Such testimony must go to the jury. They must draw the correct inferences: Corcoran v. Life Insurance Company, 183 Pa. 443. The plaintiff testified that he paid full consideration for the check before he received notice from the bank that payment had been stopped. He was a holder for value as soon as he paid Hileman, although the payment was not made at the time the check was passed. That he did not intend to pay Hileman until he knew that the check had been honored by the maker does not affect his status as a holder for value after payment. That the check was complete and regular on its face, and that the plaintiff became a holder of it within a reasonable time is not disputed. The plaintiff testified that he had no notice of any infirmity in it or defect in Hileman's title when he made settlement. If that is the fact, he is a holder in due course under the provisions of section 52 of the Negotiable Instruments Act. As pointed out by Judge HEAD on the former appeal, the defendant, with proof on the record which the court rejected (and the proof on the second trial was no stronger than the offer rejected at the first trial) merely shifted to the plaintiff the burden of proving that he acquired the title as a holder in due course, and where the plaintiff can discharge this burden only by his own parole testimony, the case must go to the jury. See Bank v. Hoffman, 229 Pa. 429. There is another reason why the defendant was not entitled to binding instructions. If the jury believed Hileman rather than the defendant, the latter had no defense to a suit on the check by Hileman, and the plaintiff here

could recover, although he was not a holder in due course. Under such circumstances the fact that the plaintiff was only a collection agent for Hileman would not bar his recovery.

For the reasons given, all of the assignments of error are overruled and the judgment is affirmed.