## ASHCRAFT v. BREAM.
### No. 2335.

District Court, M. D. Pennsylvania.
July 22, 1931.

Henry H. Cole, of Tampa, Fla., Pepper, Bodine, Stokes & Schoch, of Philadelphia, Pa., and Knapp, O'Malley, Hill & Harris, of Scranton, Pa., for plaintiff.

Edwin D. Strite, of Chambersburg, Pa., and Paul G. Smith, of Harrisburg, Pa., for defendant.

JOHNSON, District Judge.

In this action of assumpsit, E. H. Ashcraft, receiver of the Seminole County Bank of the State of Florida, is suing to recover from the defendant the sum of $42,325, with interest and attorney's fees, the amount claimed to be due on four different promissory notes on which D. M. Bream, the defendant, is maker, and H. S. Long, trustee, is payee. W. H. Tunnicliffe, liquidator, has been substituted as plaintiff in place of E. H. Ashcraft, receiver.

The defendant on October 17, 1929, filed an affidavit of defense raising questions of law, as follows:

First, that this court does not have jurisdiction;

Secondly, that the plaintiff, receiver, does not have the right to sue on the notes in question; and

Thirdly, that the right of the plaintiff to sue in this court has been adjudicated against the plaintiff.

As to the jurisdiction of this court to entertain the action. A receiver appointed by a court of one state or jurisdiction cannot maintain a suit in another state or in another jurisdiction; he is confined to the jurisdiction of the court which appoints him. Booth v. Clark, 17 How. (58 U. S.) 322, 15 L. Ed. 164; Great Western Mining & Manufacturing Co. v. Harris, 198 U. S. 561, 25 S. Ct. 770, 49 L. Ed. 1163; Holmes v. Sherwood (C. C.) 16 F. 725; Hazard v. Durant (C. C.) 19 F. 471. But where a receiver is not an officer of the court of another state or of another jurisdiction, but is the person designated by the law of that state to take the property of any dissolved or insolvent corporation of that state and hold and dispose of it in trust for the use and benefit of creditors and other parties interested, such receiver, under the law of that state, secures title to all the assets and property of such insolvent corporation and may sue to collect the assets and property in another state or jurisdiction. Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337.

As to the right of the receiver to sue on the notes: Paragraph 8 of the plaintiff's statement of claim alleges that "on or about the 18th of March, 1927, the payee named in each of the four notes aforesaid endorsed them in blank and delivered them for a valuable consideration to the Seminole County Bank, who took them in good faith, without any notice of any infirmity in the said notes or any defect in the title of the payee." The indorsement on each of the notes was as follows: "For collection and credit to account of H. S. Long, trustee, H. S. Long, trustee." The plaintiff claims the right to sue on these notes on two grounds: First, that the bank of which he is the receiver, received the notes for a valuable consideration; and, secondly, because at the time of the appointment of the receiver, the bank held the notes for collection, and on each ground the receiver now has the right to sue on the notes. This position of the plaintiff appears to be sound. If the bank owned the notes, having secured them for a valuable consideration, it was entitled to sue on them and its receiver now has the same right to sue, and if the bank held the notes for collection only, it still had the right to sue thereon. First Nat. Bank v. Walker, 289 Pa. 252, 137 A. 257; McKinley v. Nainstein, 81 Pa. Super. Ct. 596.

As to whether the cause of action is res judicata: On a previous suit between the same parties to recover on the same notes, this court decided that the plaintiff had no authority to sue in this court; that the jurisdiction was within the state of Florida, citing Booth v. Clark, supra; Great Western Mining & Manufacturing Co. v. Harris, supra; Holmes v. Sherwood, supra; Hazard v. Durant, supra. But in the former suit it did not appear from the plaintiff's statement of claim that the receiver was an officer of the state of Florida, and that under the law of the state of Florida, he was clothed with the power to take the property of the Seminole County Bank and to hold and dispose of it for the use and benefit of creditors and other parties interested. In the present suit it does appear from the plaintiff's statement that the receiver is an officer of the state of Florida and designated by law to take the property of this bank and to hold and dispose of it for the use and benefit of the creditors and other parties interested. He is the statutory successor of the corporation for the purpose of winding up its affairs. As such he represents the corporation at all times and places in all matters connected with his trust. He is an officer of the state and as such represents the state in its sovereignty while performing its public duties connected with the winding up of the affairs of one of its insolvent and dissolved corporations. His authority does not come from the decree of the court, but from the statute. He is in fact the corporation itself for the purpose of winding up its affairs. Relfe v. Rundle, supra.

In the previous suit on a demurrer to plaintiff's statement of claim, or more strictly in the language of Pennsylvania practice, on an affidavit of defense raising questions of law, the court decided that it did not have jurisdiction for the reason that ordinarily a receiver of another state or jurisdiction could not maintain this action in this federal court. The former decision did not go to the merits of the case, but merely to the right of the plaintiff to maintain the action in this jurisdiction on the facts alleged in his statement. He now brings a new suit in which he alleges facts which bring his claim within the jurisdiction of this court and he should have the right to try his case on the merits. Hughes v. United States, 4 Wall. (71 U. S.) 232, 18 L. Ed. 303; Smith v. McNeal, 109 U. S. 426, 3 S. Ct. 319, 27 L. Ed. 986.

The affidavit of defense raising questions of law filed October 17, 1929, raising the above stated question of law is overruled for the reasons stated above. At the time of the argument on the questions of law raised in the affidavit of defense filed October 17, 1929, on February 19, 1931, the defendant filed his petition asking permission to file an amendment to his affidavit of defense raising the question of law, whether the notes in question were negotiable, alleging that the notes were not negotiable and that the plaintiff, therefore, could not sue thereon. This court has granted a rule this day directing the plaintiff to show cause why the amendment should not be allowed, returnable at Lewisburg, Pa., on Monday August 3, 1931, at 2 p. m. When this petition and the matters contained therein are disposed of, the court will make a further and proper order as to the pleadings.