## Pennsylvania Company for Ins. on Lives, etc., v. Betz

*Allen S. Olmsted, 2nd,* for plaintiff; *Joseph A. Rainville, Jr.,* for defendant.

FRONEFIELD, P. J., May 28, 1932.—This action was brought by the holder of a check against the drawer. The statement of claim alleges that the defendant

made and executed a check dated October 1, 1931, drawn to the order of Mary Burkley on Central-Penn National Bank in the sum of $225 and delivered it to the payee; that the latter endorsed it in blank and delivered it to Olney Bank and Trust Company; that on or before October 1, 1931, the latter endorsed it and delivered it to the plaintiff; that on or about October 2, 1931, the plaintiff presented the check for payment at Central-Penn National Bank, but payment was refused because "payment was stopped;" that the check was returned to the plaintiff and duly protested; that plaintiff has demanded payment of the amount of the check plus protest fees from the defendant, but the latter has refused to pay.

A copy of the check, attached to the statement of claim, shows the following endorsements:

> "Mrs. Mary Burkley"
> "Pay any Bank, Banker or Trust Co.
> "Or Order
> "OLNEY BANK AND TRUST CO., 3-142
> "Philadelphia,
> "Oct. 1, 1931
> "All Prior Indorsements Guaranteed
> "WM. R. THOMAS, Treasurer."

The defendant has filed an affidavit of defense in lieu of demurrer and raises three questions of law. The first point raised by the defendant is that the plaintiff's statement of claim shows that plaintiff gave no value for the check. This statement is not accurate. The most that can be said is that the plaintiff's statement fails to show that it did give value. This, however, is immaterial. Even if the plaintiff received the check as a gift, this would not affect its right to sue thereon, but would only subject it to defenses which might be raised against the preceding holder.

The defendant's second contention is that the plaintiff's statement shows that the defendant signed the check as trustee, whereas suit is brought against him individually. This question must also be decided against the defendant. Section twenty of the Negotiable Instruments Law of May 16, 1901, P. L. 194, states:

"'Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

The ground upon which defendant places the most reliance is that the endorsement of the Olney Bank is expressly made a restrictive endorsement by section four of the Act of June 12, 1931, P. L. 568, and constitutes the plaintiff only an agent for collection and not a holder for value, and that this does not give it a right to bring this action.

There are no reported cases construing the Act of 1931, known as the Bank Collection Act of 1931. Even though the defendant is correct in the first part of his contention, the second part does not follow. The act expressly states that "an indorsement 'pay any bank or banker,' or having equivalent words, shall be deemed a restrictive indorsement and shall indicate the creation of an agency relation in any subsequent bank to whom the paper is forwarded unless coupled with words indicating the creation of a trustee relationship". This was also the law in Pennsylvania prior to this act. It was recognized that by custom of bankers such an endorsement was a restrictive endorsement, and that the bank

376

so receiving the paper was only an agent for collection for the forwarding bank. It was also recognized in Pennsylvania and several other jurisdictions that an agent for collection had the right to sue in his own name. This was expressly held in McKinley *v.* Wainstein, 81 Pa. Superior Ct. 596, 598. See, also, Fidelity Title and Trust Co. *v.* First National Bank of Spring Mills, 277 Pa. 401. There is nothing in the Act of 1931 inconsistent with these decisions or which in any way limits the right of any agent for collection to bring suit in his own name. It may be that defenses good against prior holders might be good against him, but these questions can only be raised by an affidavit of defense on the merits and not by a statutory demurrer.

And now, May 28, 1932, it is ordered and decreed that the questions of law raised in the affidavit of defense in lieu of demurrer be and they hereby are decided against the defendant, with leave to the defendant, if he so desires, to file an affidavit of defense on the merits to the averments of fact in the plaintiff's statement of claim, within fifteen days from notice of filing of this opinion to the defendant or to his attorney of record.

From William R. Toal, Media, Pa.