## BISSELL *v.* SPRING VALLEY TOWNSHIP.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF KANSAS.

Submitted December 6, 1887. — Decided January 9, 1888.

The entry of final judgment on demurrer concludes the parties to it, by way of estoppel, in a subsequent action between the same parties on a different claim, so far as the new controversy relates to the matters litigated and determined in the prior action.

A final judgment for defendant in an action against a municipal corporation to recover on coupons attached to bonds purporting to have been issued by the corporation, entered on demurrer to an answer setting up facts showing that the bonds were never executed by the municipality, concludes the plaintiff in a subsequent action against the municipality to recover on other coupons cut from the same bonds.

*Cromwell* v. *County of Sac,* 94 U. S. 351, distinguished.

THE following was the case, as stated by the court.

In October, 1880, the plaintiff below, who is also plaintiff in error here, commenced an action in the Circuit Court of the

United States for the District of Kansas, to recover the amount due on several interest coupons of seventy-three bonds' of one thousand dollars each, purporting to have been issued by Spring Valley Township, a municipal corporation of Kansas, to aid the Atlantic and Pacific Railway Company in the construction of a railroad through the limits of the township. The petition alleged that pursuant to the act of the Legislature of the State, entitled "An act to enable municipal townships to subscribe for stock in any railroad, and to provide for the payment of the same," approved February 25, 1879, and in pursuance of an order of the Board of County Commissioners of the County of Cherokee, in the State of Kansas, and a vote of more than three-fifths of the qualified voters of the township, voting at an election held for that purpose, the township issued, among others, seventy-three negotiable bonds, bearing date December 15, 1871, by each of which it promised to pay, fifteen years after date, to the railroad company or bearer, one thousand dollars, with interest at the rate of seven per cent per annum, with coupons for the interest attached; that afterwards each of the bonds, with the coupons, was put upon the market, and sold and delivered to *bona fide* purchasers for full value; that in April, 1872, each of the said bonds, with the coupons attached, was registered in the office of the Auditor of the State, and on each a certificate of such registration was indorsed; that after the issue and delivery of the bonds, and before their maturity, or the maturity of either of them, or of the coupons sued upon, they were sold and delivered to the plaintiff for the price of ninety cents on the dollar thereof; and that when said coupons became due, they were presented for payment at the place where they were made payable, and payment was refused. The plaintiff therefore asked judgment for the amount due upon them. Attached to the petition was a copy of one of the coupons and of one of the bonds, the several coupons and bonds being, except in their numbers, similar to the copies annexed. The bonds were signed "William H. Clark, Chairman Board of County Commissioners," and "J. G. Dunlavy, County Clerk." The coupons were signed in the same way, except that preceding the name of Dunlavy

was the word "attest." The act of Kansas, under which the bonds purported to be issued, required that they should "be signed by the chairman of the Board of County Commissioners, and attested by the clerk, under the seal of the county."

To that petition the defendant answered, setting up various matters of defence, and among others that J. G. Dunlavy, whose name appeared on the bonds as county clerk, never signed or authorized his name to be signed to the bonds or to the coupons, nor did he affix to them, or authorize to be affixed, the seal of the county. A demurrer was interposed to several of the defences, and among others to the one containing this allegation respecting the alleged signature of Dunlavy. The Circuit Court overruled the demurrer so far as it related to this defence, holding that the municipality could not be bound upon an instrument of that character unless it was executed by the officers named in the statute; that a purchaser must inquire whether the bonds and coupons were so executed; that if the instruments were not signed by the proper officers, but by persons having no authority, or color of authority, they were void; and that the allegation charged this in substance.

The defendant then filed an amended answer, setting up among other things the same matter—that Dunlavy, whose name appeared on the bonds as county clerk, never signed or authorized his name to be signed to said bonds or coupons, nor did he affix or authorize to be affixed the seal of the county to them. To this answer the plaintiff replied, admitting that the bonds to which the interest coupons sued upon belonged, were not attested by J. G. Dunlavy, county clerk of the county of Cherokee, in the State of Kansas, in person, but alleged the fact to be that, at the time of issuing the bonds, Dunlavy was sick and unable to discharge the duties of his office, and by reason thereof authorized his brother, John Dunlavy, to attest the bonds for him, by signing his name as county clerk and affixing the seal of the county to them. Subsequently it was agreed between the parties, and the agreement was signed by their attorneys and filed as part of the record in the case, that this reply and the answer of the defendant should be with-

drawn, and that the defendant should file an answer, setting out the question of defence as to the signature of Dunlavy and the affixing of the county seal, and also a plea of the statute of limitations as to coupons barred, such answer to be verified; that the plaintiff should forthwith file his demurrer to this answer; and that the whole question should be submitted to the court, and judgment rendered in accordance with the pleadings, upon its sustaining or overruling the demurrer. This stipulation was carried out. An amended answer, duly verified, setting up those matters, was filed, to which the plaintiff demurred. The court overruled the demurrer, but the plaintiff refused further to plead and stood upon it. Final judgment was thereupon entered for the defendant. On appeal to this court this judgment was affirmed. See *Bissell* v. *Spring Valley Township*, 110 U. S. 162.

In April, 1885, the plaintiff brought the present action in the Circuit Court against the township on certain other of the coupons attached to the same seventy-three bonds, alleging an execution of the bonds and coupons and a complete registration in the office of the Auditor of the State. To this petition the defendant answered as follows:

"1st. As a first defence, said defendant says that it ought not to be charged with the said supposed debt by virtue of said supposed bonds and coupons, because it, by its attorneys, says that J. G. Dunlavy, whose name appears on said bonds and coupons as county clerk, never signed his name thereto or thereon, nor ever authorized any party or parties to sign his name thereto or thereon, and that said signature is not his signature, nor did he affix or authorize to be affixed the seal of said county of Cherokee to said bonds or coupons.

"2d. Said defendant, further answering and pleading in bar of this action, says that said plaintiff ought not to maintain his said action herein, because on the 13th day of October, 1880, the said plaintiff, Charles R. Bissell, filed his certain petition against this defendant in this court in debt, wherein and whereby he sought to charge this defendant with liability upon certain of the pretended bonds and coupons attached thereto, claimed by said plaintiff to have been issued by this defendant,

and to recover judgment against this defendant thereon.    Said pretended bonds so sued upon in said action begun in 1880 were the identical pretended bonds sued upon in this present action, and the said pretended coupons declared upon in this action were of the same series and detached from the identical pretended bonds sued upon in the said action begun in 1880 as aforesaid, said action being No. 3242, to the record of which reference is hereby made.

"That said defendant appeared and answered to the said first mentioned petition in substance and effect as it has answered herein, to which answer said plaintiff, admitting the same to be true, demurred, and thereupon the said cause was tried upon its merits, and by the consideration of said court said defendant obtained a judgment in said action against said plaintiff, which, on appeal to the Supreme Court of the United States, was duly affirmed.

"Wherefore said defendant prays judgment and its costs herein expended."

To the first defence set up in this answer the plaintiff demurred, and the demurrer was sustained on the ground that a complete registration alleged in the petition was conclusive of the validity of the bonds, on the authority of *Lewis* v. *Commissioners*, 105 U. S. 739, the question of *res adjudicata*, presented in the second count, being unaffected.    To the second defence the plaintiff replied by a general denial.    Afterwards a trial by jury was waived, and the plaintiff withdrew from his petition the allegation concerning registration, thus leaving the issue to be tried on the plea of *res adjudicata*.    In support of this plea on the part of the defendant the record of the former action was introduced, against the objection of the plaintiff.    Testimony was also offered by the plaintiff to prove the due execution of the bonds, and their purchase by him before maturity, without notice of any defence to them by the township, but it was excluded against his objection.    The court thereupon rendered judgment for the defendant, giving full effect to the evidence sustaining the plea of *res adjudicata*. To review this judgment the case is brought to this court.

*Mr. William Barry* for plaintiff in error.

*Mr. W. H. Rossington, Mr. J. R. Hallowell,* and *Mr. Charles B. Smith* for defendant in error.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

The plaintiff was defeated in his former action against the municipality, because the coupons, upon which its liability was asserted, were adjudged to be invalid instruments. It appears from the record of that action, as well as from the opinion of the Circuit Court in passing upon the demurrer, and of this court in reviewing its decision, that their invalidity was adjudged because the seventy-three bonds, to which they were attached, were themselves void instruments, the county clerk, whose signature appears upon them, never having signed them or authorized any one to sign his name to them, and never having affixed or authorized any one to affix the seal of the county. By stipulation of the parties, the pleadings in that action were so amended and arranged as to present this defence, and obtain the decision of the court thereon. The new answer, as agreed, was verified, it evidently being designed by the parties to obtain the judgment of the court upon the validity of the bonds, notwithstanding the fact which existed, that they were not in truth signed by the county clerk, or by any one authorized by him. The judgment of the court sustaining the demurrer to this answer was, therefore, an adjudication that the bonds thus defectively executed were not binding obligations of the municipality. The Circuit Court held that the allegation of the defendant was in substance that the bonds were not signed by the proper officers of the county, and; if so, that they were void. This court, in affirming the judgment of the Circuit Court, held that the township had no power to bind itself for the purpose of aiding in the construction of a railroad by subscription to its capital stock and the issue of bonds to pay for the same, except as authorized by the statute of the State; that the Board of

County Commissioners did not represent the township for any other purpose, and could not execute its power to issue bonds by instruments not conforming to the substantial requirements of the law ; that the law required the bonds to be executed in a particular manner ; and that the signature of the clerk was essential to the valid execution of them, even though he had no discretion to withhold it.

The final judgment entered upon that demurrer is a bar to any further action upon the specific coupons in suit. This is conceded ; their validity cannot be again litigated in any form between the parties. The question for determination in this case relates to the effect of the former judgment upon the present action, which is upon different coupons, though attached to the same series of bonds. Does that judgment preclude any inquiry as to the validity of these latter coupons, that is, of the bonds to which they are attached ? In *Cromwell* v. *County of Sac,* 94 U. S. 351, we drew a distinction between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or demand. In the latter case, which is the one now before us, we held, following numerous decisions to that effect, that the judgment in the prior action operates as an estoppel only as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered. The inquiry in such case, therefore, we said, must always be as to the point or question actually litigated and determined in the original action, for only upon such matters is the judgment conclusive in another action between the parties upon a different demand. *Lumber Co.* v. *Buchtel,* 101 U. S. 638 ; *Wilson's Executor* v. *Deen,* 121 U. S. 525.

If the fact admitted by the demurrer in the former action — that the signature of the county clerk, appearing on the bonds of the township, was not signed by him, or by any one authorized by him — had been found by a jury, or been admitted in open court by the plaintiff, there is no doubt that the judgment thereon would have been conclusive in any other action

between the same parties in which the validity of those bonds was drawn in question. It would have been an adjudication, both upon the fact established and upon the law applicable to the fact, concluding future litigation upon those matters. Is the litigation any the less concluded because the fact upon which the judgment rested was established by the demurrer? There are undoub·edly many cases where a final judgment upon a demurrer will not conclude as to a future action. The demurrer may go to the form of the action, to a defect of pleading, or to the jurisdiction of the court. In all such instances the judgment thereon will not preclude future litigation on the merits of the controversy in a court of competent jurisdiction upon proper pleadings. And it has been held that where a demurrer goes both to defects of form and also to the merits, a judgment thereon, not designating between the two grounds, will be presumed to rest on the former. But where the demurrer is to a pleading setting forth ·distinctly specific facts touching the merits of the action or defence, and final judgment is rendered thereon, it would be difficult to find any reason in principle why the facts thus admitted should not be considered for all purposes as fully established as if·found by a jury, or admitted in open court. If the party against whom a ruling is made on a demurrer wishes to avoid the effect of the demurrer as an admission of the facts in the pleading demurred to, he should seek to amend his pleading or answer, as the case may be. Leave for that purpose will seldom be refused by the court upon a statement that he can controvert the facts by evidence which he can produce. If he does not ask for such permission, the inference may justly be drawn that he is unable to produce the evidence, and that the fact is as alleged in the pleading. Courts are not established to determine what the law might be upon possible facts, but to adjudge the rights of parties upon existing facts; and when their jurisdiction is invoked, parties will be presumed to represent in their pleadings the actual, and not supposable, facts touching the matters in controversy.

The law on this subject is well stated in Gould's Treatise on Pleading, a work of recognized merit in this country, as fol-

lows: " A judgment, rendered upon demurrer, is equally conclusive (by way of. *estoppel*) of the facts confessed by the demurrer, as a verdict finding the same facts would have been; since they are established, as well in the former case as in the latter, by way of *record*. And facts, thus established, can never afterwards be contested, between the same parties, or those in privity with them." Chap. IX, part 1, sec. 43.

The case of *Bouchaud* v. *Dias*, 3 Denio, 238, decided by the Supreme Court of New York, is an authority upon this point. It appears from the statement in the report of that case, that in 1822 one Castro had executed two bonds to the United States for payment of duties, in which the testator and the defendant were sureties, and bound themselves jointly and severally. The bonds were alike in penalty and condition, but were payable at different periods within the year. In 1838, the plaintiff, as executor of one of the sureties, paid to the United States one of the bonds and brought an action to recover one-half of that sum from the defendant as co-surety with the testator. The defence was that the defendant, with the consent of the plaintiff, had been released from his obligation by the Secretary of the Treasury pursuant to acts for the relief of certain insolvent debtors of the United States; and on the trial he produced a release under the hand of the Secretary. He also gave in evidence a judgment record from which it appeared that the plaintiff had sued the defendant for contribution in the Superior Court of the city of New York, the declaration in the case being like that in the second case, except that the other bond was set out as a part of the ground of action. In that case the defendant pleaded in bar the foregoing release and consent. The plaintiff demurred to the plea, and the court rendered judgment thereon for the defendant. The plaintiff in the second case objected to the introduction of this record because the bonds were not the same in both suits; but the court admitted the record and charged the jury that the judgment of the Superior Court upon the same matter, being on a bond for duties on the same importation with that which was in question in the second case, was a bar to the action. The case being taken to the

Supreme Court of the State, the judgment was affirmed, that court holding that although there was a difference in the actions, as they were upon different bonds, yet as those bonds were parts of the same transaction, and the principal question in controversy was the same in the two cases, the matter which the plaintiff attempted to agitate in the second case was *res adjudicata.* A distinction was suggested between the cases on the ground that the former judgment between the parties was rendered on a demurrer to the defendant's plea. But the court answered that "it can make no difference, in principle, whether the facts upon which the court proceeded were proved by deeds and witnesses, or whether they were admitted by the parties. And an admission by way of demurrer to a pleading, in which the facts are alleged, must be just as available to the opposite party as though the admission had been made *ore tenus* before a jury. If the plaintiff demurred for want of form, or if for any other reason he wished to controvert the facts alleged in the plea, he might, after learning the opinion of the court, have asked leave to withdraw the demurrer and reply. But he suffered a final judgment to be entered against him. He probably thought that the facts were truly alleged in the plea, and therefore did not wish to amend. But however that may be, the judgment is a bar to this action." p. 244. See also *Coffin* v. *Knott,* 2 Greene, (Iowa,) 582; *Birckhead* v. *Brown,* 5 Sandford, Sup. Ct. N. Y. 134.

The plaintiff seems to consider the case of *Cromwell* v. *County of Sac* as authority for his contention, that in the present action he is at liberty to show that the bonds issued were valid obligations of the municipality, notwithstanding the former adjudication against their validity. That case was brought on four bonds of the county of Sac, issued for the erection of a court-house, and coupons for interest attached to them. To defeat the action the county relied upon the estoppel of a judgment rendered in its favor in a prior action brought by one Smith upon certain earlier maturing coupons upon the same bonds, accompanied with proof that the plaintiff Cromwell was at the time the owner of the coupons in that

action, and that the action was prosecuted for his sole use and benefit.    It appeared on the trial in that action, and it was so found, that there were such fraudulent proceedings in the issue of the bonds to which the coupons were attached, followed by the failure of the contractor, to whom the bonds were delivered, to construct the court-house, as, in the opinion of the court, to render them void as against the county ; and there was no finding that the plaintiff had given any value for the coupons, although he had become their holder before maturity. Judgment, therefore, was given for the county, and on appeal it was affirmed, this court holding that the fraud and illegality in the inception of the bonds, disclosed by the findings, were sufficient to call upon the plaintiff to show that he had given value for the coupons ; that the bonds were void as against the county in the hands of parties who did not acquire them before maturity, and give value for them ; that the plaintiff, not having proved that he gave such value for the coupons, was not entitled to recover on them ; for whatever illegality or fraud there was in the issue and delivery of the bonds equally affected those coupons.    It was therefore adjudged that the finding and judgment in that case, upon the invalidity of the bonds as against the county, estopped the plaintiff in the second case from averring to the contrary ; unless he obtained them for value before maturity.    But the bonds being negotiable instruments, and their issue being authorized by a vote of the county, and they reciting on their face a compliance with the law providing for their issue, they were valid obligations against the county in the hands of a *bona fide* holder, taking them for value before maturity ; and so this court said, that if the plaintiff received the bonds and coupons in suit in the second case before maturity for value, as he offered to prove, he should have been permitted to show that fact ; and that there was nothing adjudged in the former action in the finding that the plaintiff had not made such proof in that case, which could preclude him from making such proof in the second case.    The fact that a party may not have shown that he gave value for certain coupons before their maturity plainly was not conclusive evidence that he

may not have given value before maturity for other coupons of the same bonds, or that he may not have given value for the bonds before they became due.

There is nothing in that decision which can ·be made to support the contention of the plaintiff in this case. In the former action against the present defendant the adjudication was that the bonds themselves were never signed by the proper officers required by the statute of the State to sign them, and therefore they were not legal obligations of the township. Their invalidity equally affected the coupons attached to them, and not merely those in suit, but all others. If the plaintiff could give any evidence consistent with that adjudication, there would be no objection to his doing so, and the former action would not estop him; but the bonds being found to be invalid and void, he is precluded from attempting to show the contrary, either of the fact of their wanting the signature of the county clerk, or of the law that for that reason they were not binding obligations of the municipality. The fact and the law are adjudged matters between the parties, and not open, therefore, to any further contest.

*Judgment affirmed.*