## PASSAILAIGUE v. HERRON et al.
### No. 5649.

Circuit Court of Appeals, Fifth Circuit.
March 7, 1930.

N. B. K. Pettingill, of Tampa, Fla. (N. B. K. Pettingill and Macfarlane, Pettingill, Macfarlane & Fowler, all of Tampa, Fla., and Logan & Grace, of Charleston, S. C., on the brief), for appellant.

D. C. McMullen, of Tampa, Fla., for appellees.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

SIBLEY, District Judge.

This case depends upon the effect to be given three former judgments. The present bill was brought in the United States District Court by Emil E. Passailaigue, a citizen of South Carolina, against Walter I. Herron, individually and as executor of Anna D. H. Ramm, and against Charles W. Ramm Herron, an infant of four years, and against Eleanor Rappaport, all citizens of Florida, for an account of an estate devised to complainant's deceased wife, in which he claimed an interest as her heir-at-law. Eleanor Rappaport disclaimed any title or interest in the property involved, and may be disregarded as a party. The complainant's bill set up that a decree of total divorce had been granted his wife in the First judicial district court of Caddo parish, La., on February 19, 1916,

by amendment setting out the full proceedings leading to it, but claimed that it did not deprive him of heirship to his wife on her death in Florida, January 2, 1924, because it was invalid in that it dealt with a South Carolina marriage, indissoluble by the law of that state, and was rendered without personal notice to him a resident of South Carolina on substituted service upon a curator ad hoc. It was further averred that on April 20, 1927, complainant had in the Louisiana court on a new suit there, to which Charles W. Ramm Herron was a party defendant, and of which said Herron had actual notice through Walter I. Herron, his guardian, obtained a decree setting aside and canceling the decree of divorce. The last-named decree was exhibited without any of the proceedings that led up to it. The defendants herein in the District Court, among other things, pleaded as res judicata, a bill previously brought against them in the Florida state court by complainant for the account and recovery of the same estate, exhibiting the record thereof which showed it to have been substantially identical with the present suit as to parties and subject-matter, to have exhibited the same proceedings touching the divorce except the decree canceling it, and to have made the same attacks on the divorce; that a demurrer for want of equity was held sustainable by the Supreme Court of Florida, and that thereafter, on further hearing in the trial court, a final decree was rendered, sustaining the demurrer for want of equity in the bill, and dismissing the bill on February 19, 1927. The truth of this plea of res judicata was admitted, and a decree entered for defendants in the present suit.

By ancient maxims, as a matter of private justice, "No one should be vexed twice for one and the same cause," and as a matter of public concern, "It is to the interest of the public that there be an end of suits." Accordingly, in Florida, as alsewhere, it is established that a judgment on the merits between the same parties or their privies is conclusive of any issue actually litigated and determined, though in a suit upon another cause of action (estoppel by judgment), and in a second suit upon the same cause of action, all issues which could have been made and litigated, but were not, are also concluded, the entire dispute being ended by the one day in court (res judicata). Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L. R. A. (N. S.) 577; Jones v. Morgan, 59 Fla. 542, 52 So. 140; Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Fayerweather v. Ritch, 195 U. S. 276, 25 S. Ct. 58, 49 L. Ed. 193. The parties here, and the cause of action, including the relief sought, are identical with those in the former litigation in the state courts, and the principle of res judicata prevents further litigation unless because, first, the former judgment was on demurrer, or, second, the decree canceling the divorce decree makes a new case.

It has often been said that a judgment on demurrer is not on the full merits, and settles only the law on the facts pleaded, when sustained because of some lack of allegation which is supplied in the latter suit. Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L. R. A. (N. S.) 577; Gould v. Evansville & C. R. Co., 91 U. S. 526, 23 L. Ed. 416. But where the facts are apparently fully pleaded, and the pleader has the latitude of amendment afforded by modern practice, and elects to stand upon the allegations he has made, and there is a deliberate adjudication of the case on the facts admitted by the demurrer, no reason is perceived why the judgment should not be treated as one on the full merits, and finally settling the controversy. This is the conclusion of the Supreme Courts, both of the United States and Florida. Northern Pacific Ry. Co. v. Slaght, 205 U. S. 122, 27 S. Ct. 442, 51 L. Ed. 738; Yates v. Utica Bank, 206 U. S. 181, 27 S. Ct. 646, 51 L. Ed. 1015; Miller & Co. v. Carmichael-McCalley Co., 91 Fla. 1071, 109 So. 198. The only real issue in this litigation is the validity of the Louisiana divorce decree in the courts of Florida. Interesting questions of law arise concerning matrimonial domicile, substituted service, determination of status as a res, and of personal rights, due faith and credit, and recognition by comity. The principles affecting these are compendiously stated as fixed by decisions of the Supreme Court of the United States in De Bouchel v. Candler (D. C.) 296 F. 482. They were approved and applied by the Supreme Court of Florida in a full and careful opinion in this very litigation. Herron v. Passailaigue, 92 Fla. 818, 110 So. 539, 545. The issue of the validity in Florida, of this divorce, was there examined on the merits. No new facts were offered when the case went to the trial court. The decree there rendered was rightly held in this case to be conclusive between these parties as res judicata. It settles that complainant was not his former wife's heir at her death, and was entitled to no part in the estate in controversy.

If, however, the former decree, because on demurrer, was not conclusive, and if the new Louisiana decree were a new fact

that should produce a different result, a direct attack on the Florida decree by way of review would have been more orderly than the present bill which seeks to ignore it. But we think that the decree of cancellation of the divorce is of no force or effect in any sort of proceedings for the purposes now in view. On its face, it appears to have been rendered by default against no defendant save Charles W. Ramm Herron, an infant of four years, domiciled in Florida, whose infancy does not appear to have been disclosed to the court. Walter I. Herron was no party, either as an individual or executor of Anna D. H. Ramm, but his rights in both capacities are now sought to be affected by it. The opposing party in the original decree of divorce had died three years previously, a citizen of Florida, and was without personal representation in the Louisiana court. The proceedings leading to the decree are not exhibited, and there is nothing to show what sort of service was made on the absent infant, sole defendant, nor what the ground of attack was which his default is supposed to have confessed. As a personal decree binding this defendant's personal and property rights in Florida, even if a substituted service on a curator ad hoc be presumed as the only one that could have been had, it is entitled to no force and effect. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Haddock v. Haddock, 201 U. S. 563, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1. As a status decree quasi in rem, if such could be undertaken in Louisiana after the removal to another state, and after the death of the lady in whose status Louisiana was once interested, and with only such a party so served, it would be recognized in Florida only by comity. Haddock v. Haddock, 201 U. S. 563, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1. Since it was obtained as it was, within a few weeks after the termination of the litigation in the Florida courts, and apparently in order to defeat its result, and would tend, as the Supreme Court of Florida said, to "making an adulteress and bigamist of his former wife and bastardizing her child, all because of the probability of his participating in the division of a certain estate which it is not shown that he contributed one penny to accumulate," and that by retroaction on a status now terminated by death, we hold that sound policy would prevent its recognition in Florida.

The judgment of dismissal was right, and is affirmed.