### UNITED STATES v. NEW AMSTERDAM CASUALTY CO. et al.

District Court, S. D. New York.
Jan. 12, 1932.

See, also (D. C.) 52 F.(2d) 148.

George Z. Medalie, U. S. Atty., of New York City (Harry G. Herman, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Edwin A. Jones, of New York City (Edwin A. Jones, of New York City, Bynum E. Hinton, of Washington, D. C., and Edwin

F. Smith, of Jersey City,. N. J., of counsel), for defendants.

## PATTERSON, District Judge.

The defendants have made motions directed against the complaint in several respects. The action is one at law, and the motions are based upon provisions of the New York Rules of Civil Practice which are applicable to the case under the Conformity Act (28 USCA § 724).

The complaint is on a surety bond executed by the defendants. It alleges, by way of inducement, the making of two contracts in 1917 between the Emergency Fleet Corporation, representing the United States, and the American Shipbuilding Company for the construction of hulls. It then alleges that a new contract dated August 10, 1918, between the same parties was made, whereby the earlier contracts after part performance were canceled, and whereby it was provided that the hulls then uncompleted would be finished and certain additional hulls built according to a specified schedule. This contract further provided that the Fleet Corporation would lease certain machinery to the Shipbuilding Company and that the latter would pay as rent the sum of $60,000 or such lesser amount as the property might actually cost. Copies of all three contracts are annexed. The complaint then connects the defendants with the transaction by alleging that a bond in the amount of $200,000 for the faithful performance of the 1918 contract by the Shipbuilding Company was given by it as principal and by the two defendants as sureties, a copy of the bond being pleaded. The bond is under seal and runs in favor of "United States Shipping Board Emergency Fleet Corporation, a corporation organized and existing under the laws of the District of Columbia, representing the United States of America." The complaint then proceeds to allege that, although the Fleet Corporation and the United States performed the contract, the Shipbuilding Company failed to perform in three respects: First, in that it did not pay to the plaintiff or to any one in its behalf the agreed cost of the machinery as rent in the amount of $51,935.-09; second, in that it spent funds of the plaintiff ,for repair work on its own account, in the sum of $1,918.73; and, third, that it was behind schedule in deliveries of hulls to the plaintiff or any one in its behalf, to the plaintiff's damage in the sum of $222,950. Finally it is alleged that on April 16, 1923, the Fleet Corporation assigned to the United States all its right, title, and interest in the contracts and bond; a copy of the assignment being annexed.

1. *Motion to Dismiss Because, of Prior Judgment.* Rule 107 of the Rules of Civil Practice permits the defense of res judicata to be raised by a motion to dismiss, supported by affidavit showing the facts. The defendant's affidavit shows that on September 10, 1929, the plaintiff brought in this court an action against the defendants upon the same bond, that in that action the defendants made a motion equivalent to demurrer, to dismiss the complaint as not stating a cause of action on its face, and that the motion was granted and judgment dismissing the complaint entered on May 20, 1931; no appeal having been taken.

An examination of the complaint in the former action shows that it was the same as the complaint here, except that no assignment by the Fleet Corporation to the United States was pleaded. The opinion of Judge Knox in the earlier case, reported in (D. C.) 52 F.(2d) 148, indicates that the complaint was held insufficient because of the rule that no one can sue on a sealed instrument unless he is named as a party to it. The bond executed by the defendant ran to the Fleet Corporation, whereas the suit was by the United States. Instead of seeking leave to amend and plead the 1923 assignment, so as to cure the defect, the plaintiff allowed judgment to be entered against it and brought this new action.

█ In my opinion, the judgment of dismissal in the earlier action is not a bar to the maintenance of the present action. In determining the effect of that judgment, I may take into view both the pleadings and the opinion rendered in the previous action. Yates v. Utica Bank, 206 U. S. 181, 183, 27 S. Ct. 646, 51 L. Ed. 1015. A reading of the opinion of Judge Knox in that case reveals that the only point decided by him was that the United States was not the proper plaintiff to maintain a suit on the sealed instrument in favor of the Fleet Corporation. It is quite true that a judgment on demurrer may be as conclusive as one rendered on proof, where the merits are involved. Northern Pacific Co. v. Slaght, 205 U. S. 122, 27 S. Ct. 442, 51 L. Ed. 738; Old Dominion Copper Co. v. Lewisohn (C. C. A.) 202 F. 178. But where the demurrer in the former action was sustained because of a defect in the pleadings or because of any other matter not going to the merits, the judgment of dismissal is not a bar to another suit wherein the defect is supplied. Gilman v. Rives, 10 Pet. 298, 9

L. Ed. 432; Gould v. Evansville R. Co., 91 U. S. 526, 23 L. Ed. 416; Hughes v. United States, 71 U. S. (4 Wall.) 232, 18 L. Ed. 303; Richard v. American Union Bank, 253 N. Y. 166, 170 N. E. 532, 69 A. L. R. 667; Freeman on Judgments, § 747.

The present case is similar to Ashcraft v. Bream (D. C.) 51 F.(2d) 301. There a foreign receiver had brought a previous suit to recover on notes, which had been dismissed on demurrer, under the rule that ordinarily a receiver has no standing to maintain a suit outside the state of his appointment. The plaintiff then brought a second action on the same notes, showing further that he had title to the notes by virtue of the law of the state of his appointment, and therefore could maintain suit anywhere. The former judgment was held not to be res judicata. "The former decision did not go to the merits of the case, but merely to the right of the plaintiff to maintain the action in this jurisdiction on the facts alleged in his statement. He now brings a new suit in which he alleges facts which bring his claim within the jurisdiction of this court and he should have the right to try his case on the merits" (page 302 of 51 F.(2d). I think that Yates v. Utica Bank, 206 U. S. 181, 27 S. Ct. 646, 51 L. Ed. 1015, is also in point. There a depositor had sued directors of an insolvent bank. The defendants' demurrer had been sustained on the ground that the cause of action set forth by the plaintiff was only one enforceable by the receiver, and judgment of dismissal had been entered. That judgment was held not to bar a second suit between the same parties, wherein the plaintiff's petition set up a right to recover his individual loss. The motion to dismiss the complaint on the ground of a prior judgment on the merits will therefore be denied.

■ 2. *Motion to Dismiss for Failure to State a Cause of Action.* The motion to dismiss under rule 106 of the Rules of Civil Practice, on the ground that the complaint does not state facts sufficient to constitute a cause of action, is equivalent to demurrer. The defendants' chief criticism of the complaint is that, although the action is by the plaintiff as an assignee, the plaintiff in alleging defaults by the Shipbuilding Company alleges them not as defaults suffered by the assignor, but as defaults suffered by the plaintiff itself. But this is treating the case as if it were an ordinary one by an assignee of a cause of action, which it is not. While the contracts were those of the Fleet Corporation (Sloan Shipyards v. Emergency Fleet

Corporation, 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762; Merchant Fleet Corporation v. Harwood, 281 U. S. 519, 50 S. Ct. 372, 74 L. Ed. 1011), the plaintiff was the disclosed principal all along, and could have sued on them but for the feature of the seal. United States v. Skinner & Eddy Corporation (D. C.) 5 F.(2d) 708; same case in (D. C.) 28 F.(2d) 373, affirmed in (C. C. A.) 35 F.(2d) 889, certiorari denied in 281 U. S. 770, 50 S. Ct. 248, 74 L. Ed. 1176; United States v. Czarnikow-Rionda Co. (C. C. A.) 40 F.(2d) 214, certiorari denied in 282 U. S. 844, 51 S. Ct. 24, 75 L. Ed. 749. The assignment is invoked only to overcome the technical rule relating to the seal. Moreover, the paragraph setting forth the breaches of contract by the Shipbuilding Company does allege that it failed to pay "to the plaintiff or to any one on plaintiff's behalf," and similarly as to failure to deliver. Since the Fleet Corporation was an agent of the plaintiff and is so characterized in the complaint, these allegations do charge that there were failures to pay and to deliver, not only to the plaintiff, but also to the Fleet Corporation. The sufficiency of the alleged wrongful disbursement of moneys belonging to the plaintiff as a breach of contract by the Shipbuilding Company is established by the Skinner & Eddy Case, supra.

■ The defendants also urge that the assignment to the plaintiff of April 16, 1923, is insufficient because the plaintiff has not alleged that the Fleet Corporation's claim on the bond was then remaining under its disposition and control and had not been theretofore disposed of. It is plain that the plaintiff was not required to negative these exceptions in the instrument of assignment. The assignment was effective to transfer the claim. Skinner & Eddy Corporation v. McCarl, 275 U. S. 1, 48 S. Ct. 12, 72 L. Ed. 131.

Other objections to the sufficiency of the complaint are advanced by the defendants, but it is not necessary to dwell upon them. The complaint alleges the making of a contract by the Shipbuilding Company, the execution and delivery by the defendants of a surety bond for the faithful performance of the contract, such bond being in favor of the Fleet Corporation, due performance of the contract by the Fleet Corporation and the plaintiff, three breaches of the contract by the Shipbuilding Company, and the assignment by the Fleet Corporation of all its rights to the plaintiff. It thus sets forth every essential allegation of a cause of action on the

bond, and is sufficient on its face. The motion to dismiss for insufficiency to state a cause of action will therefore be denied.

3. *Other Motions.* There are also motions to have the causes of action separately stated, to strike various allegations from the complaint, and to have it made more definite and certain in several respects. But the complaint covers only one cause of action, being based upon a single bond. As for the motion to strike out, I think that there are only two features as to which the defendants should have relief. The complaint in paragraph 21 charges that the plaintiff has been damaged in the sum of $509,783.26. This is plainly an error, since the amounts set forth in the three alleged breaches add up to only $276,821.82. And in paragraph 22 it is alleged that the defendants are indebted on their bond in the sum of $276,821.82 and interest, although the face amount of the bond is only $200,000. This allegation of a debt in excess of $200,000 is a palpable mistake. In these two respects the complaint will be deemed amended so as to set forth the proper figures. The motion to make more definite and certain will be denied in all particulars.