**MASON v. RED RIVER LUMBER CO., Inc.**

No. 2742.

District Court, W. D. Louisiana,
Shreveport Division.

March 4, 1937.

Cook, Cook & Eagan, of Shreveport, La., and Ned A. Stewart, of Texarkana, Ark., for plaintiff.

Whitley & Utley, of Magnolia, Ark., and John B. Files, of Shreveport, La., for defendant.

DAWKINS, District Judge.

This court did not give its reasons for sustaining the plea of res judicata and exception of no cause of action and has been requested by counsel for the plaintiff to set them forth.

The plea was sustained because the record shows the identical petition was filed in the state court[1] by the plaintiff against this defendant, to which an exception of no cause of action was sustained. No appeal therefrom was taken. I do not believe that the effects of this decision can be avoided by filing the same petition here, on the theory, as urged by counsel for plaintiffs, that the law of Arkansas was involved, but not pleaded in the state court; whereas, in this court cognizance thereof could be taken without its having to be alleged. Plaintiff chose the state court as a forum in which to assert his case and I believe is bound by that judgment. The following cases, I think, are conclusive: Gould v. Evansville & Crawfordsville R. R. Co., 91 U.S. 526, 23 L.Ed. 416; Bissell v. Spring Valley Township, 124 U.S. 225, 8 S.Ct. 495, 31 L.Ed. 411; Yates v. Utica Bank, 206 U.S. 181, 27 S.Ct. 646, 51 L.Ed. 1015; Northern Pacific Ry. Co. v. Slaght, 205 U.S. 122, 27 S.Ct. 442, 51 L.Ed. 738.

As to the exception of no cause of action, the petition does not allege that the defendant was doing business in the State of Arkansas at the time the suit there was filed. This, I think, was essential to show that the courts of that state had jurisdiction. It does allege defendant was doing business in the state when the cause of action arose, but I think plaintiff was required to go further and allege the defendant was so engaged when the suit was filed. Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 S.Ct. 728, 47 L.Ed. 1113.

Proper decree should be presented.