## THOMASON v. UNITED GAS PUBLIC SERVICE CO. et al.

### No. 2382.

District Court, W. D. Louisiana, Monroe Division.

March 12, 1937.

G. P. Bullis, of Vidalia, La., for plaintiff.

Sholars & Gunby, of Monroe, La., W. H. Arnold, Jr., of Texarkana, Ark., Blanchard, Goldstein, Walker & O'Quin and Wilkinson, Lewis & Wilkinson, all of Shreveport, La., and Milling, Godchaux, Saal & Milling, of New Orleans, La., for defendants.

DAWKINS, District Judge.

This case has been submitted on an exception of no cause of action and a plea of res judicata.

The plaintiff, as lessor under a mineral lease, claims additional compensation over what was actually paid him for gas produced, and also damages resulting from the alleged drainage, both of the tract covered by the lease which was drilled and two other tracts which were never developed. He also asks that the amount so claimed be trebled under the provisions of federal (15 U.S.C.A. § 1 et seq.) and state (Act La. No. 11 of 1915, Ex.Sess.) anti-trust laws, which he alleges were violated by illegal combination and monopoly.

The exception of no cause of action is based upon the contentions that the nature of the business of producing and marketing natural gas, wholly within the state, does not constitute interstate commerce affected by the federal law; that, as to the tract which was developed, the lease provides for a fixed royalty of three cents per thousand cubic feet, and, according to the petition's own allegations, there was

produced therefrom more gas per acre than it is claimed should have been produced to make its fair pro rata of the field; that the two leases upon the other tracts provided that the lessee might defer drilling by the payment of annual rentals, which the petition impliedly admits were paid to and received by the plaintiff during the period complained of, and that he is estopped to claim damages for nondevelopment by accepting said rentals; and finally, as to the amount of damages resulting from drainage to all of the tracts, the business of producing natural gas is not trade or commerce under the state statute.

The plea of res judicata is directed to the fact that the plaintiff had brought suit in the state court for Caddo parish against the State Line Oil & Gas Company, predecessor in title of the defendant, upon the Feazel lease, from which production was had, on the same allegations as to drainage, monopoly, etc., to which an exception of no cause of action was sustained and that this judgment is now final.

■■■ Without finding it necessary to recite the allegations of the petition at length, I am of the opinion that the exception of no cause of action is well founded and should be sustained. The leases, which are attached to the petition, show that, as to those not developed, the lessee was given the right for a period of five years, which covered the time complained of, to defer drilling by paying annually a stipulated rental. The petition does not deny that these rentals were paid to and accepted by plaintiff and, therefore, impliedly admits this was done by alleging that they continued in force; otherwise, by their own terms, the leases would have expired at the end of each annual rental period. It is true that the petition alleges it would have been useless to have the leases canceled, because the defendant maintained its monopoly in the field, which would have prevented the sale of plaintiff's gas. However, it is at the same time alleged that there were other operators, Southern Carbon Company, United Carbon Company, etc., and that there was at all times a market price

of six cents per thousand cubic feet in the Richland parish field. To say the least, such contention is not entirely consistent, but I think it was a condition precedent to any right to recover for damages for drainage that the plaintiff should have declined to receive further rentals, and insisted upon drilling the undeveloped leases. Lindow v. Southern Carbon Company (D. C.) 5 F.Supp. 818; McCoy v. State Line Oil & Gas Co., 175 La. 231, 143 So. 58. I am also of the opinion that the nature of the business and matters complained of in this petition were not such as to fall within the terms either of the federal statute affecting interstate commerce or trade and commerce under the state act.

With respect to the Feazel lease, the petition discloses that there was produced from the same more than the alleged quantity per acre which it is claimed should have been withdrawn to make its fair pro rata of recoverable gas in the field.

### Plea of Res Judicata.

■■ There was filed in the state court against the State Line Oil & Gas Company, which at the time owned and operated the Feazel lease, a suit which, for all purposes of this case, was identical. An exception of no cause of action was sustained thereto, which is now final, and I believe its effects are conclusive against the same demand under the same lease against this defendant. It determined the rights of the parties upon an issue which is the foundation of the present claim, even though the time or period involved is not altogether the same. Judgments affecting rights in and to real estate are binding both upon parties and their privies. According to the petition, defendant is the assignee or transferee of State Line Oil & Gas Company. See Gould v. Evansville & Crawfordsville Railroad Co., 91 U.S. 526, 23 L.Ed. 416; Bissell v. Spring Valley Township, 124 U.S. 225, 8 S.Ct. 495, 31 L.Ed. 411; Yates v. Utica Bank, 206 U.S. 181, 27 S.Ct. 646, 51 L.Ed. 1015; Northern Pacific Ry. Co. v. Slaght, 205 U.S. 122, 27 S.Ct. 442, 51 L.Ed. 738.

Proper decree should be presented.