## LONG ISLAND WATER CORPORATION et al. v. PUBLIC SERVICE COMMISSION OF NEW YORK et al.

District Court, S. D. New York.

April 11, 1938.

Travis, Brownback & Paxson, of New York City, for complainants.

Gay H. Brown, of Albany, N. Y. (Milton E. Canter, of Albany, N. Y., and John T. Ryan, of Cortland, N. Y., of counsel), for defendant Public Service Commission.

PATTERSON, District Judge.

The bill is to enjoin enforcement of an order of the New York Public Service Commission, on the ground that it violates constitutional rights of the plaintiff. The Commission moves to dismiss the bill as insufficient on its face.

The facts stated in the bill, taken as true for present purposes, may be summarized: The plaintiff is engaged in furnishing water to villages in the State of New York. It made contracts with certain contractors named in the bill for services of various kinds. Under these contracts valuable and necessary services have been rendered to the plaintiff, and for such services the plaintiff has made payments. The payments have been entered by the plaintiff in fixed capital account or in operating expense account under the uniform system of accounts prescribed by the Commission. In 1932 the Commission undertook an inquiry into the practices of the plaintiff. After hearings held on notice to the plaintiff, the Commission on June 22, 1932 issued an order directing the plaintiff to make no further payments to the servicing contractors unless such payments were charged against profit and loss surplus account, to the end that such payments should be borne solely by the plaintiff's stockhold-

ers. Other directions in the order are of no present importance.

The bill then refers to litigation in the New York courts in respect to the Commission's order. The plaintiff brought suit in equity in the New York Supreme Court to enjoin enforcement of the order, claiming that enforcement would deprive it of property without due process of law and would deny it equal protection of the laws, in violation of the federal constitution, U. S.C.A. Const. Amend. 14. The Commission moved to dismiss the complaint as failing to state a cause of action. The motion was denied in the court of first instance, but on appeal the order was reversed and the complaint ordered dismissed by the Appellate Division. New York Electric & Gas Corp. v. Maltbie, 241 App.Div. 780, 270 N. Y.S. 1010. The memorandum opinion put the dismissal "on the ground that the plaintiff has another adequate remedy." The Court of Appeals affirmed without opinion. 266 N.Y. 521, 195 N.E. 182. This was the end of the suit in equity. The plaintiff then brought on for hearing a certiorari proceeding already filed. On certiorari the Appellate Division modified the order by striking out a provision not involved in this case and as modified confirmed the order. New York State Electric & Gas Corporation v. Public Service Commission, 245 App.Div. 131, 281 N.Y.S. 384. The Court of Appeals affirmed without opinion. 274 N.Y. 591, 10 N.E.2d 567.

The bill proceeds to allege that the state of New York did not provide it with an opportunity for submitting the issue of confiscation involved in the Commission's order to a court for independent determination on the facts and the law, thus denying it an adequate remedy. There are further allegations directed to showing that the order of the Commission is in fact confiscatory and will operate to deprive the plaintiff of property without due process.

The Commission's points are, first, that the bill does not state a cause of action, and second, that the bill shows on its face that the issue presented by the bill has been finally decided against the plaintiff in an earlier suit raising the same issue. Since I am of opinion that the second point is sound, a discussion of the first is not required.

 It appears from the bill that the plaintiff brought suit in equity in the New York Supreme Court to enjoin enforcement of the order in question. In that suit it complained of the order as confiscatory and violative of its rights under the federal constitution. The complaint was dismissed for failure to state a cause of action. The issue in the present suit, invalidity of the order on constitutional grounds, is the same, the parties are the same. Under familiar rules the judgment in the suit in the state court is a final determination against the plaintiff and a bar to maintenance of the present suit, unless there is some infirmity in the earlier suit. The plaintiff says that there is such an infirmity, that the state courts had no power to review the facts and the law on the issue of confiscation, that such a review is not permissible under the state practice. It may be granted that if the ground of dismissal of the equity suit in the state court was a lack of jurisdiction to review the order, the judgment would not be a bar to the maintenance of a suit in a court where such jurisdiction exists. Smith v. McNeal, 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed. 986. But it is a misapprehension to say that the New York courts had no jurisdiction to review the order by a suit in equity which raised constitutional points. Under New York practice a broad review of an order of the Public Service Commission attacked on constitutional grounds may be obtained by suit in equity for an injunction. Pennsylvania Gas Co. v. Public Service Commission, 211 App.Div. 253, 207 N.Y.S. 599; New Rochelle Water Co. v. Maltbie, 248 App.Div. 66, 289 N.Y.S. 388. See, also, New York ex rel. Consolidated Water Co. v. Maltbie,[1] decided by the Supreme Court, February 14, 1938. While the dismissal of the plaintiff's complaint in the state court was placed on the ground that there was another adequate remedy, this is not to be taken as meaning that independent review of the facts and the law by a court is not available where an order of the Commission is challenged on constitutional grounds (New Rochelle Water Co. v. Maltbie, supra); it means that in the particular case before it the state court on examining the complaint found no constitutional right of the plaintiff invaded by the order in question, despite the claim of such invasion in the complaint, and held that therefore the proper remedy to review the order, a remedy adequate for the case shown in the complaint, was the ordinary

---

[1] No opinion for publication.

836

remedy of certiorari. If the plaintiff conceived that there was error in holding that the case raised no constitutional questions, the course to be pursued was to seek review by the Supreme Court rather than to start a similar suit here.

The fact that the judgment in the state court suit was rendered on motion equivalent to demurrer does not weaken its force as a conclusive adjudication. Aurora v. West, 7 Wall. 82, 19 L.Ed. 42; Bissell v. Spring Valley Township, 124 U. S. 225, 8 S.Ct. 495, 31 L.Ed. 411; Northern Pacific R. Co. v. Slaght, 205 U.S. 122, 27 S.Ct. 442, 51 L.Ed. 738.

The judgment in the suit in equity in the state court is a final adjudication that no constitutional rights of the plaintiff were violated by the Commission's order, and that judgment is a bar to the present suit. Grubb v. Public Utilities Commission, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972, American Surety Co. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298. These matters being revealed in the bill itself, the motion of the Commission to dismiss it will be granted.