## UNITED STATES v. REVERE COPPER & BRASS CO.

District Court, N. D. New York.
March 20, 1939.

Ralph L. Emmons, U. S. Atty., of Binghamton, N. Y. (B. Fitch Tompkins, Asst. U. S. Atty., of Syracuse, N. Y., of counsel), for the United States.

Wright, Gordon, Zachary & Parlin, of New York City (George H. Savage, of New York City, of counsel), for defendant.

COOPER, District Judge.

This is a motion for judgment in favor of plaintiff on the mandate of the U. S. Circuit Court of Appeals, Second Circuit.

Defendant moved to dismiss the first amended complaint on the ground that it appeared on the face thereof that it did not state facts sufficient to constitute a cause of action.

While the motion was pending the plaintiff obtained an order permitting it to file a second amended complaint. Such order provided among other things: " * * * which amended complaint may be considered in the decision of the motion of defendants for dismissal of the complaint herein now pending, and the defendant may have time to answer said amended complaint, if necessary, as fixed in the decision of said defendant's motion."

The latter part of the quoted part of the order was intended to allow defendant to answer said second amended complaint, if the motion to dismiss was denied.

This Court granted the motion to dismiss but on appeal, the Circuit Court of Appeals, 100 F.2d 391, reversed this Court's decision, holding that the second amended complaint stated facts sufficient to enable plaintiff to recover and remanded the cause to this Court with instructions in the mandate "that such further proceeding be had in said cause, in accordance with the decision of this Court as according to right, and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding."

Thereupon, apparently within ten days, the defendant made and tendered its answer to the plaintiff denying that the facts were as stated in the amended complaint and setting forth the facts as defendant alleges them to be and demanding judgment for a dismissal of the complaint.

The plaintiff refused to accept the answer claiming that it was entitled to judgment against the defendant for the sum alleged to be due in the second amended complaint. The defendant then filed its proposed answer in the Clerk's office.

The plaintiff now moves for judgment against the defendant for the amount demanded in the complaint, contending that defendant has lost all right to answer and defend since, so the plaintiff urges, the Circuit Court of Appeals has held that plaintiff was entitled to recover upon its amended complaint.

Such unusual procedure, thus penalizing a defendant who questions the sufficiency of the complaint in the usual manner, must be supported by incontrovertible authority.

The defendant counter moved to compel plaintiff to accept its answer.

278

It seems to be agreed that the new Federal Rules of Procedure, 28 U.S.C.A. following section 723c, do not apply, since this action was pending and the motion decided before September 16, 1938, when the new rules became effective.

Nor is it asserted that in the new Federal Rules of Civil Practice in the United States District Court, any new rule would support such contention.

 State rules of procedure are applicable under the Conformity Act, Sec. 724, Title 28 U.S.C.A. Section 283 of the N.Y. Civil Practice Act provides: "If objections to a pleading, presented by motion, be not sustained, the moving party may serve an answer or reply * * * as a matter of right, after the decision of the motion and before the expiration of ten days after service of notice of entry of the order deciding the motion. * *"

Plaintiff contends that since the motion was sustained instead of being "not sustained" in the District Court, this section is inapplicable. No cases are cited, so holding.

Not sustained is not limited to the trial court, but clearly applies if not sustained by the Appellate Court, whatever the trial Court may have held.

Plaintiff also cites Section 371 of Montgomery's Manual of Federal Procedure and certain cases, only one of which arose in the State of New York.

Section 371 of Montgomery seems to relate to amendments to a complaint where demurrer is sustained and says in substance, the right to amend the complaint is discretionary with the Court.

 The question here is defendant's right to answer where his motion to dismiss the complaint for insufficiency is denied. Cases cited by plaintiff to sustain its contention are: Northern Pacific Railway v. Slaght, 205 U.S. 122, 27 S.Ct. 442, 51 L. Ed. 738; Yates v. Utica Bank, 206 U.S. 181, 27 S.Ct. 646, 51 L.Ed. 1015; Ledbetter v. Wesley, 8 Cir., 23 F.2d 81; Gould v. Evansville & C. Railway Co., 91 U.S. 526, 23 L.Ed. 416; Alley v. Nott, 111 U.S. 472, 4 S.Ct. 495, 28 L.Ed. 491; Bissell v. Spring Valley Township, 124 U.S. 225, 8 S.Ct. 495, 31 L.Ed. 411; Hirshbach v. Ketchum, 79 App.Div. 561, 80 N.Y.S. 143.

In the Northern Pacific Railway case there was no question of the right to serve an answer after demurrer was overruled. In that case the Court said (205 U.S. at page 127, 27 S.Ct. at page 443, 51 L.Ed. 738): "A demurrer to the amended complaint was sustained and the plaintiffs declining to plead further, a judgment was entered June 24, 1898, dismissing the suit."

The case turns upon the scope of the judgment thus entered.

Yates v. Utica Bank, supra, is not analogous and likewise relates to the res adjudicata effect of a judgment rendered upon sustaining a demurrer.

Bissell v. Spring Valley Township, 124 U.S. 225, 8 S.Ct. 495, 31 L.Ed. 411, is also without analogy. There the plaintiff demurred to certain defences in an answer which was overruled. Plaintiff refused to plead further and under a stipulation judgment was rendered upon the pleadings in favor of defendant.

In a subsequent action the judgment in the former action was held to be conclusive upon the plaintiff.

Hirshbach v. Ketchum, 79 App.Div. 561, 80 N.Y.S. 143, is to the same effect. The judgment in a former action was held conclusive in a later action. Upon the demurrer to the complaint in the earlier action the Court held the agreement between the parties void. The complaint was amended but not changed, in respect to the cause of action. The Court again held that the complaint did not state a cause of action.

Ledbetter v. Wesley, 8 Cir., 23 F.2d 81, also holds that a judgment in a former action is res adjudicata in a later action between the same parties upon the same cause of action.

There was no question of the right to amend the complaint in the earlier action involved in this decision. The Court expressly said, 23 F.2d at page 85: "No attempt was made to amend the pleadings."

It is needless to discuss the other cases cited by plaintiff.

Defendant is entitled to serve an answer and have the case tried upon the merits.

The order entered hereon may provide that plaintiff shall accept the defendant's answer to the amended complaint.