Gregory BRIGGS, a minor, by Andrew Briggs, his Guardian ad litem, Plaintiff,

v.

Ellis BRAMLEY, Alda Bramley, aka Mrs. Ellis Bramley, and Consolidated Freightways, Inc., a Washington corporation, Defendants.

Civ. No. 229-59.

United States District Court
D. Oregon.

Sept. 17, 1959.

Donald H. Joyce, Portland, Or., for plaintiff.

Vergeer & Samuels, Portland, Or., for defendant.

SOLOMON, Chief Judge.

Ellis and Alda Bramley, the individual defendants, seek a summary judgment on the ground that a judgment entered by the state court in a prior action between the same parties and arising out of the same accident is a complete bar to the present action.

The complaint in the first action was based upon the doctrine of res ipsa loquitur and contained no specific allegations of negligence. Immediately prior to the trial, the Bramleys made a motion for "judgment on the pleadings", and the trial court, having found that there were

insufficient facts alleged to permit an inference that res ipsa loquitur applied, ruled that the complaint should be dismissed as against them. Plaintiff thereupon took a voluntary non-suit against Consolidated Freightways, Inc., the third defendant in that action as well as in this one.

■■ A judgment rendered because of defective pleadings is not considered to be a judgment on the merits within the operation of the res judicata doctrine. Yates v. Utica Bank, 206 U.S. 181, 27 S.Ct. 646, 51 L.Ed. 1015; Wade v. Peters, 1918, 89 Or. 233, 173 P. 567, 13 A.L.R. 1100; Bruening v. El Dorado Refining Co., D.C.Mo.1943, 53 F.Supp. 356.[1]

Straub v. Oregon Electric Railway Co., 1939, 163 Or. 93, 94 P.2d 681, the case upon which the defendants rely, does not involve a defective pleading. It is a case in which the court decided that no valid judgment could be rendered for the plaintiff in view of his admitted contributory negligence. The issue was not one of pleading but of substantive law.

Defendants' motion for summary judgment is denied.

1. This case contains an excellent discussion on whether a decision by a state court that the doctrine of res ipsa loquitur does not apply to a stated set of facts, is a bar to a subsequent Federal Court action upon the same facts and between the same parties. In accordance with the majority rule, the court stated that it did not bar the subesquent action.