143 So. 58

## McCOY v. STATE LINE OIL & GAS CO., Inc.

### No. 31689.

April 25, 1932.

Rehearing Denied June 20, 1932.

G. P. Bullis, of Vidalia, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

George Wesley Smith, of Rayville, and John B. Files and Bryan E. Bush, both of Shreveport, amici curiæ.

O'NIELL, C. J.

The plaintiff has appealed from a judgment dismissing her suit on an exception of no cause of action. The suit is for damages for the failure of the defendant, State Line Oil & Gas Company, to perform, as lessee, certain alleged implied obligations under an oil and gas lease on the plaintiff's land.

The contract of lease, a copy of which is annexed to the plaintiff's petition, was made on the 26th of November, 1926, the original lessee being W. C. Feazel. It is alleged that he assigned the lease to Moody & Seagraves on the 3d of January, 1928; that they assigned it to the Richland Production Company on the 9th of March, 1928; and that the Richland Production Company assigned it to the defendant, State Line Oil & Gas Company, on the 22d of October, 1930. It is alleged that the State Line Oil & Gas Company is merely a continuation of the Richland Production Company, under a new name; that the stockholders of the two companies are the same, the State Line Company being the owner of practically all of the capital stock of the Richland Production Company; and that the defendant, State Line Company, is therefore liable for all of the obligations assumed by the Richland Production Company, as lessee, on the 9th of March, 1928. It is alleged that the leased land, having an area of 256 acres, is, and has been ever since the Richland Production Company acquired the lease,

in the midst of a large gas producing area, known as the Richland gas field, and is surrounded by wells producing large quantities of gas; that one of the implied obligations of the lessee, and the principal consideration for the lease, was that the lessee should drill as many wells as might be necessary to protect the land from depletion through the wells on the neighboring lands, and to produce all of the gas under the leased land for the mutual benefit of both the lessor and the lessee; that, notwithstanding this implied obligation, the Richland Production Company drilled only one well on the land, which well was completed in June, 1930, and from which well the plaintiff received in royalty less than $75; and that the defendant, State Line Company, has not drilled on the land, notwithstanding repeated demands made by the plaintiff on the company to comply with its obligation in that respect. It is alleged, finally, that the land has been drained of its gas, through wells on neighboring lands, and that the plaintiff has lost thereby royalties at the rate of $20 per acre per month since the 9th of March, 1928. The prayer of the petition is for a judgment accordingly.

It would be utterly impossible to estimate, by any kind of calculation, the loss which a lessor might have sustained, or to be sure whether the lessor has sustained a loss, by the failure of the lessee to drill more wells than he did in fact drill, under an oil and gas lease. Such contracts, therefore, usually contain a stipulation as to the price or penalty which the lessee shall pay annually for the privilege of deferring the drilling of a well, from year to year, during the term of the lease. The lease on which this suit is based contains such a stipulation. The term

of the lease was five years, and as long thereafter as oil or gas should be produced from the land by the lessee. And it was stipulated that, if the lessee should fail to commence the drilling of a well within the first year, that is, before the 6th of November, 1927, the lease should terminate, as to both parties, unless the lessee should pay or tender to the lessor, or deposit in a designated bank, before the expiration of the year, the sum of $256, which should "operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date." The same stipulation was made with regard to the privilege of the lessee to defer the drilling of a well during each of the succeeding four years. And this stipulation was made, viz.: "And it is understood and agreed that the consideration first recited herein, the down payment [$4,480.00 cash] covers not only the privilege to the date when said first rental is payable, as aforesaid, but also the lessee's option of extending that period as aforesaid, and any other rights conferred." It is not denied that the annual rental, $256, was paid up to the time of the drilling of the well which was completed in June, 1930; the drilling of which well exempted the lessor from the further payment of an annual rental. This suit was filed in September, 1931; that is, before the expiration of the five-year term stipulated in the lease, and while it was in force by virtue of the production of gas by the defendant, State Line Company, as lessee.

Counsel for appellant cites a list of decisions to the effect that, in every oil and gas lease, on land in a proven field, there is an implied obligation on the part of the lessee, having the exclusive right to drill, to drill

enough wells to protect the land from being drained of its oil or gas through wells drilled on adjacent lands. That is merely a statement of the law which prevails in the absence of a stipulation on the subject. But there is no rule of public policy forbidding the parties to an oil and gas lease to stipulate the price or penalty which the lessee shall pay if he does not drill a well within any given time during the term of the lease. Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 153. Anything that is not forbidden by law may be the subject of, or the motive for, a contract. Rev. Civ. Code, art. 1764. Any one may renounce what the law has established in his favor, provided the renunciation shall not affect the rights of others, and is not contrary to the public good, or either expressly or impliedly forbidden by law. Rev. Civ. Code, art. 11.

We do not express an opinion as to whether the plaintiff may have a cause of action to annul the lease. It is sufficient to say that her petition does not set forth a cause of action for damages; which is all that she has sued for.

The judgment is affirmed.